**Eli DAVIDSON, Appellant,**

v.

**COUNTY OF HARRIS, Appellee.**

No. 15607.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 21, 1970.

Rehearing Denied June 11, 1970.

Zbranek & Friend, C. Bruce Stratton, J. C. Zbranek, Liberty, for appellant.

Joe Resweber, County Atty., Bruce D. Mosier, Asst. County Atty., Houston, for appellee.

PEDEN, Justice.

Eminent domain proceeding. Dr. Eli Davidson appeals from jury's award to him of $18,630. for the taking of his lot by Harris County on January 12, 1968.

The south side of the appellant's tract, roughly 60 feet wide, fronted on the shore of Clear Lake. Its north side was not quite parallel to its south side. The lot extended approximately 240 feet north from the lake, and its north end met the dead-end of Kirby Road about 350 feet south of the intersection of Kirby and NASA Road No. 1. A strip five feet wide along the west side of the lot was not taken,

but it was uncontroverted that its value was destroyed by the taking of the rest of the lot.

Appellant's first point of error complains that the trial court erred in forbidding him from cross-examining a witness named Dominey regarding sales of property adjoining the subject property although such sales were contained in a report from which he had testified.

The appellant called two witnesses to testify as to the value of his land. Mr. H. H. Fairhart, a real estate broker, testified that he had investigated sales of land in the vicinity of the subject property and had found only one recent sale that he would "consider anywhere close to being comparable." It did not adjoin the subject property. It was a lot containing 17,000 square feet of land, it had 28 feet of water frontage and 75 feet of levee frontage and sold for $35,000., so he valued the 12,223.64 square feet he said were taken from Dr. Davidson's lot at $2.25 per square foot before the taking and the remaining 1163 square feet at $2. per square foot, for a total of $30,120. He testified that the tract on the east side of the subject property was sold in 1963 and the tract on its west side was sold in 1967 but that those sales were not comparable because those tracts were larger and small tracts bring a better price per square foot. He said that only those two tracts adjoined the appellant's land, that his lot could be used for commercial purposes and that values in the area had increased over the last ten years.

Dr. Davidson's other value witness was Mr. Ralph Yarbrough. He is in the construction business, does speculative building and has bought and sold a lot of property in Harris County. He valued the part of the subject property taken at approximately $37,000. or $38,000., and said its highest and best use was for a high-rise apartment building. He said his valuation was made at a time when he wanted to buy the lot. He was not asked and did not testify as to the sales prices of any other lots.

Mr. Jerry Dominey was the only witness who testified for Harris County. He was shown to have. been actively engaged as a real estate appraiser for about sixteen years.

That part of his testimony with which this appeal is concerned was his use of a written report when testifying as to comparable sales. He testified that he had located and checked out twenty or twenty-five sales in the area but concluded that only about four of them were comparable to the subject property after considering their road frontage, access, water frontage, size, shape and time of sale. He said he valued both the part taken and the remainder at 80 cents per square foot, that 13,199 square feet were taken and the remainder was 1,163 square feet so he valued the total of 14,362 square feet at $11,489. before the taking, and Dr. Davidson was damaged in that amount.

On cross-examination appellant's counsel asked to see "this report you've been testifying from." After the witness had admitted that the report contained information about sales that he had not testified about, including sales of tracts on both sides of the subject lot, the trial judge ruled that appellant's counsel could see those parts of the report that the witness had used to refresh his recollection. Appellant's counsel then asked that the report be examined by the court to determine whether it contained a record of other sales about which the witness could be questioned to test his judgment as to comparability and the trustworthiness of his testimony. The trial judge made pencilled notations on the report and stated that they indicated which portions of it he was making available for appellant's counsel to see. They included the four sales about which Mr. Dominey had testified. The court also made available to counsel from the report a map of the area showing those four tracts plus six others. Each of the ten tracts was numbered and distinctively colored. They were the only tracts other than the subject tract mentioned in the Dominey report.

Appellant moved for a mistrial based on opposing counsel's offer to introduce the entire report in evidence. The motion was overruled. The trial court instructed the jury to disregard the offer.

Mr. Dominey was then asked on cross-examination if he had testified to some other sales at the hearing before the special commissioners. He replied that he had referred to sales made in 1963 and that he would be happy to use both of them but that the appellee's attorney said they were too old.

In response to a request by appellant's counsel, the trial judge then ruled that he could cross-examine the witness as to any sales he had testified about before the commissioners, but counsel asked no questions in response to this ruling. The only questions he thereafter asked Mr. Dominey regarding sales concerned the same four which the witness had already described plus the one sale Mr. Fairhart had referred to.

The record shows that the trial judge clarified his earlier ruling by stating: "The only question before the court is whether or not you are entitled to see anything in this report which the witness did not refer to or use to refresh his memory during his examination."

Appellant's position in urging his first point is that the witness mentioned that he was familiar with a seven or eight acre tract next to the subject property but did not mention anything about its market value or recent sale, and it developed that he had listed the tract as sale #8 in his report. That the report shows that the tract was sold on October 16, 1963 at a rate of $1.35 per square foot, and this is more than the jury's finding as to the value of the subject property. The appellant asserts that the trial court refused to permit him to discuss sale #8 and precluded him from going into any matters in the report not testified to by the witness in his direct examination, and this prejudicially restricted the cross-examination and the appellant's

ability to bring this sale to the jury. Further, that this ruling kept the appellant from showing the fact that the witness had found the sale and had reported it but had not testified about it to the jury.

We hold that the trial court's ruling did not have the effect of which the appellant complains. We find nothing in the record to substantiate appellant's contention that the trial judge refused to permit him to question Mr. Dominey about sale #8. The tract involved in sale #8 was one of the ten shown on the map which the trial judge expressly allowed appellant to see, and "$1.35" was clearly marked on it. Under the court's ruling counsel was not permitted to see what Dominey had said to the County about the ten sales listed in the report, but counsel was shown a map giving their locations and he was not prohibited from asking the witness, if he so desired, about any sales.

There is nothing in the record by bill of exception or otherwise to show what questions, if any, appellant was prevented from asking the witness or what the answers would have been. We note that the appellant did not offer to show by any of the witnesses that the adjoining tract sold for $1.35 per square foot. He was contending that his lot was worth $2.25 per square foot or more, and his witness Mr. Fairhart said the two tracts were not comparable. Further, the adjoining tract had several hundred feet of frontage on NASA Road 1 as well as a corner on Kirby Road, while the subject property had road frontage only on the dead-end of Kirby.

■ It is well established that wide latitude should be allowed attorneys in cross-examining witnesses, particularly expert witnesses. And counsel should ordinarily be permitted to look at any writing which the witness used while on the witness stand to refresh his recollection. See 1 McCormick and Ray (2nd Ed.) 449, § 553.

■ We cannot say that the trial court committed reversible error under these

facts: 1) the basis of the point of error was the preclusion of certain evidence, but the court's ruling did not preclude it and 2) what, if any, evidence the appellant would have offered had the ruling not been made, has not been shown.

Appellant's other points of error are:

Second: The trial court erred in ordering that interest be paid on the money withdrawn in excess of the judgment.

Third: The trial court erred in ordering that said sums of money draw interest from the date of deposit rather than the date of withdrawal.

We sustain the second point and thus dispose of the third one. There is no dispute as to the facts concerning the deposit and withdrawal of the $20,500. awarded by the special commissioners. It was deposited in the registry of the court on January 12, 1968, and the appellant withdrew it on May 8, 1968. The judgment of the trial court, entered on August 19, 1969, provides that the appellant shall retain $18,630. of the amount withdrawn and that the appellee shall recover the balance of the funds withdrawn, $1,870., with interest at six per cent from January 12, 1968, the date of deposit of the award, until paid.

Although some dicta to the contrary appears in Housing Authority of the City of Dallas v. Dixon, 250 S.W.2d 636 (Tex.Civ.App.1952, writ ref. n. r. e.), the condemnor should not recover interest on the overpayment. The condemnor in an eminent domain proceeding is not compelled to pay to the property owner the amount awarded by the commissioners or to deposit it in the court. The condemning authority is given the option of depositing the amount of the award and "taking" the property at that time or delaying the "taking" until the judgment has become final. A property owner has no similar right of election, but must abide by the election of the condemnor. Maddox v. Gulf, C. & S. F. Rwy. Co., 293 S.W.2d 499 (Tex.Civ.App.1956, writ ref. n. r. e.).

"Where the award has been paid into court, and the amount finally awarded is less than that deposited, the condemnor is not entitled to interest on the balance; and this is so, it has been held, even though the money deposited was turned over to the landowner * * *." 30 C.J.S. Eminent Domain, § 333(2), p. 243.

We hold that interest on the excess of the special commissioners' award over the jury's finding should not be calculated from the date of the deposit of the award but should be limited to the date of the judgment. Gossett v. State, 417 S.W.2d 730, 737 (Tex.Civ.App.1967, writ ref. n. r. e.); McConnico v. Texas Power & Light Co., 335 S.W.2d 397 (Tex.Civ.App.1960, writ ref. n. r. e.).

The judgment is reformed so that interest on the excess begins to run from the date of the judgment. As so reformed, the judgment is affirmed.