The CITY OF HOUSTON, Appellant,

v.

B. L. HENDERSON, Jr., Appellee.

No. 897.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1974.

Jonathan Day, City Atty., Willard E. Dollahon, Houston, for appellant.

John Gano, Jamail & Gano, Monroe Northrop, Austin, Dabney, Northrop & Garwood, Houston, for appellee.

CURTISS BROWN, Justice.

This is a personal injury case.

Appellee B. L. Henderson, Jr., (Henderson) brought this suit against appellant City of Houston (the City) for personal injuries arising out of an automobile accident. Henderson drove his car on a rainy night through a dead end of Beechnut Street in the City of Houston, landing in a ditch and sustaining considerable damage. This appeal is based on evidentiary points and further facts will be developed as needed. Trial was to the court, and judgment was entered for appellee. Appellant requested findings of fact and conclusions of law, which the court made in support of the judgment.

Appellant brings eight points of error challenging the evidentiary basis of the trial court's findings of fact. Before reaching those matters, we feel compelled to comment on several propositions offered by appellee. First, it is true that appellant's points of error do not comply with the spirit of Texas Rules of Civil Procedure, rule 418(b). They contain argument and are unnecessarily long. Nevertheless, they are not so faulty as to obscure appellant's arguments, and we will therefore consider them. *See* Tex.R.Civ.P. 422. Second, appellant's failure to except to findings of fact does not preclude it from complaining of them on appeal when it has made exception to the judgment. Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943 (1958). Third, appellee urges that the undisputed findings of fact establish that the City was maintaining a nuisance and that disputed findings as to appellee's negligence would be immaterial in that contributory negligence is not a defense to nuisance-caused damages. Contributory negligence may be a defense when the nuisance is based on negligence, as opposed to an absolute nuisance or one existing without legal justification. Kincaid v. Chicago, R.I. & G. Ry. Co., 119 S.W.2d 1084, 1087 (Tex. Civ.App.—Dallas 1938, writ dism'd w. o. j.).

We now turn to appellant's points of error. With reference to appellant's points one through six charging ap-

pellee with contributory negligence, it is presumed that every person uses due care for his own safety. Texas & N. O. Ry. Co. v. Rooks, 293 S.W. 554 (Tex. Comm'n App. 1927, jdgmt adopted). In the absence of direct evidence to the contrary, this presumption precludes a finding of contributory negligence as a matter of law. Blunt v. H. G. Berning, Inc., 211 S.W.2d 773 (Tex.Civ.App.—Dallas 1948, writ ref'd). Points one, two, and three urge that the uncontradicted evidence or the preponderance of the evidence shows Henderson was driving too fast and that this was negligence and a proximate cause of his injuries. These points are overruled. Henderson testified that he was going about 25 m.p.h. before the accident. There is no direct evidence which would show there was any change of speed. The City's evidence is circumstantial or based on expert conclusion. The evidence sustains the findings of the trier of fact as to speed.

■ Points four and five are concerned with the claim that Henderson failed to keep a proper lookout. It is uncontroverted that the City failed to install the customary street signs indicating a dead end. The existence of the barricade was disputed. Therefore, it is not conclusive that a proper lookout would have disclosed anything to Henderson. There is no compelling evidence of failure to keep a lookout, and further there is no showing of proximate cause. The points are overruled.

■ Point six alleges that the uncontradicted evidence establishes that Henderson failed to apply his brakes properly. Appellant points to the fact that the investigating police officer did not see any skid marks. If a witness who is in a position to observe the existence of a fact says that he did not see it, his testimony has probative value. Texas Employers' Ins. Ass'n. v. Locke, 224 S.W.2d 755, 759 (Tex.Civ.App. —Fort Worth 1949, writ ref'd n. r. e.). Although the officer's testimony is some evidence that the brakes were not applied, it

does not compel such a conclusion. There was no showing that skid marks would necessarily result on very wet pavement, and there was certainly no conclusive showing of proximate cause. Point six is overruled.

■ Points seven and eight claim that there was no evidence that warning signs or the barricade were not in place or that the City had notice that they were missing. Photographs introduced in evidence showed there were no warning signs in place following the accident. Henderson and his father testified that there were none the following morning. Further, appellant was unable to show from City records that any such signs had ever been installed. As to the barricade, Henderson testified that it was not there. His father testified that the wood scattered at the scene had "weathered" breaks, such that it had probably been broken for some time. Under this testimony, it is clear that there was evidence that the signs and barricade were not in place at the time of the accident. Further, there was direct evidence that the signs should have been installed ten months prior to the accident, and there was the testimony of appellee that the weathering of the breaks was such that the wood had been lying on the ground for six or eight months. As such there was at least some testimony that there had been no signs and no barricade in place for at least six months. We cannot say such a period of time was not a reasonable one for the City to discover the condition and to make its repairs. These points are overruled.

■ Appellee has filed a motion under Tex.R.Civ.P. 435 and 438 which call for a ten percent surcharge, under Rule 435 in the discretion of the court, and under Rule 438 when the court finds that the appeal was taken solely for delay and without sufficient cause. These rules should serve as an effective deterrent against frivolous appeals and those taken solely to delay the

execution of judgments, and we will not hesitate to use them in a proper case. We are also aware that current rates of interest exceed six percent. Nevertheless, we do not feel inclined to invoke either Rule in the present case. Appellee's motion is denied.

Affirmed.