**Amy HYLTON and John Hylton, Plaintiffs,**

**v.**

**SHAFFER'S MARKET, INC., a Delaware Corporation, trading as Shop-Rite, Defendant.**

Superior Court of Delaware, New Castle.

Argued June 27, 1975.

Decided Aug. 11, 1975.

------◆------

Clifford B. Hearn, Jr., Balick & Hearn, P. A., Wilmington, Del., for plaintiffs.

Richard W. Pell, Tybout & Redfearn, Wilmington, Del., for defendant.

## OPINION

O'HARA, Judge.

Plaintiff left the defendant's store carrying a box which contained some groceries and her pocketbook. Outside the store were cement car bumpers which had been installed the entire length of the store. Invitee customers had to go over or around the bumpers to enter or exit. The bumpers had been used for parking purposes, but the parking pattern had been changed, so that they apparently served no useful purpose at the time of the accident. Plaintiff tripped over one of the bumpers, fell and broke her ankle. The bumpers were 69 inches long and 7½ inches high. Plaintiff has sued for damages with defendant moving for summary judgment.

Plaintiff had used defendant's store on numerous prior occasions and had, upon leaving the store, sometimes stepped over, and other times walked around, the bumpers (there being 51 inches between them). Whether it was reasonable for plaintiff to conclude she could step over the bumper safely, using ordinary care and prudence, is a question of fact which should be determined by a jury, and is not one that can be determined, on the facts here presented, as a matter of law. The test laid down in *Mosheuvel v. District of Columbia,* 191 U. S. 247, 24 S.Ct. 57, 48 L.Ed. 170, (1903) is applicable here. In that case the Supreme Court had under consideration a situation where the plaintiff knew of the existence of a water box in the sidewalk and had encountered it safely before, apparently sometimes stepping over, sometimes going around the hazard. The Court stated,

".    .    . the question is this, Was the situation of the water box and the hazard to result from an attempt to step over it so great that the plaintiff, with the knowledge of the situation, could not, as a reasonably prudent person, have elected to step across the box, instead of stepping to the sidewalk from either side of the tread of the last step? And this, we think, was .    .    . a question for the jury, and not for the court."

The plaintiff here had encountered the bumpers previously, and although she had tripped on several prior occasions, the threat of the serious injury suffered here may not have been evident. It is for the jury to decide whether it was prudent for the plaintiff to elect to step over the bumper, and having elected to do so, whether she exercised due care in the manner in which she did this, taking into consideration her past experience with the bumpers.

It is only in the clearest case that contributory negligence is a matter for determination by the Court. *Frelick v. Homeopathic Hospital Ass'n of Delaware,* Del. Super., 1 Storey 568, 150 A.2d 17 (1959).

Here, it is not clearly evident that plaintiff's action was unreasonable or done in a manner lacking due care. For this reason, the motion for summary judgment must be denied.

Plaintiff, in meeting defendant's motion, also raises the issue of nuisance, claiming that the Court is faced here with an absolute nuisance, thus barring the defense of contributory negligence. Plaintiff suggests that because defendant intended to place the bumpers where they were located, the placement was an intentional act which would create a strict liability situation. The Court having determined that defendant's motion should be denied feels that the issue raised by plaintiff should nevertheless be ruled on here so that trial may proceed promptly.

 An absolute nuisance, or nuisance per se, is generally said to exist in three types of cases. First, when there is a violation of a safety statute; second, when the defendant is engaged in an abnormal or hazardous activity; and third, when the defendant makes an intentional interference for his own purposes which is clearly unreasonable in its surroundings. *Taylor v. City of Cincinnati*, 143 Ohio St. 426, 55 N.E.2d 724 (1944). In these three situations, the defense of contributory negligence is precluded. None of these three situations existed here. No safety statute was violated, nor was it clearly unreasonable to place car bumpers in front of a supermarket, particularly when it was anticipated that cars were to be parked there following the installation of the bumpers.

A final consideration with respect to contributory negligence as a defense is the possibility of there being a nuisance per accidens here. A nuisance per accidens involves some lawful act, business, or instrumentality which becomes a nuisance due to its circumstances or location or manner in which it is operated or performed. Placing the cement bumpers where they were located was a lawful act,

but changed circumstances created a situation which could constitute a nuisance. In this type of nuisance, created by negligence (here, an omission to act) the defense of contributory negligence is available to the defendant. *Merritt v. Miller*, 27 Conn.Super. 330, 237 A.2d 381 (1967); *City of Houston v. Henderson*, Tex.Civ. App., 506 S.W.2d 731 (1974). As stated earlier, the issue of contributory negligence is for a jury to consider. Therefore, defendant's motion for summary judgment should be denied.

It is so ordered.