John **PEREZ**, Appellant,

v.

**BAKER PACKERS, A DIVISION OF BAKER INTERNATIONAL CORP.,** Appellee.

No. C14–84–686CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1985.

Rehearing Denied June 13, 1985.

**140**

Robert G. Friedman, Friedman & Chaffin, Houston, for appellant.

Joe W. Redden Jr., Fulbright & Jaworski, Judson R. Wood, Vinson & Elkins, Roger Townsend, Fulbright & Jaworski, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

John Perez appeals a take-nothing judgment rendered against him in his personal injury lawsuit against Baker Packers. In nine points of error, appellant now challenges (1) the trial court's rulings on three evidentiary matters, (2) the trial court's submission of a special issue, and (3) the sufficiency of the evidence to support the jury's answers to various special issues. We affirm the judgment.

Appellant was injured when he fell off a hydraulic platform lift while making a delivery for his employer, Dr. Pepper Bottling Company. He brought this action against appellee, the owner of the premises on which the lift was located. During his case-in-chief appellant called Dr. James Bocell as a witness. Dr. Bocell testified about his treatment of a wound to appellant's knee, and during his testimony records of appellant's treatments were admitted into evidence. On cross-examination, Dr. Bocell testified that certain circumstances surrounding the healing process of this wound caused him to suspect the wound was factitious, that is, self-inflicted. In his first point of error, appellant contends that under rule 403 of the Texas Rules of Evidence, this testimony was so speculative and prejudicial as to outweigh its probative value, and therefore the trial court erred in overruling his objection to the testimony. For a number of reasons, we cannot agree with his analysis.

Rule 610(b) of the Texas Rules of Evidence clearly states that a witness may be cross-examined on any matter relevant to any issue in the case. Appellee here attempted to elicit information concerning self-aggravation of a wound allegedly received as a result of appellee's negligence. This testimony could have had a direct bearing on the amount of damages, a major issue in the case. Dr. Bocell's testimony was therefore clearly within the rule 610(b) scope of cross-examination. *See Davidson v. County of Harris,* 454 S.W.2d 830, 832 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.).

Appellant's rule 403 argument is likewise unconvincing. Rule 403 does require the trial judge to use a balancing test, weighing the probative value of evidence against its prejudicial nature. We do not believe, however, that the trial judge here erroneously tipped the scale in favor of admitting Dr. Bocell's testimony. Dr. Bocell explained medical reasons for suspecting that the wound was self-inflicted. Furthermore, he was quick to point out that his observations were merely suspicions. Appellant, of course, then had ample opportunity to explore the testimony on redirect and diminish if not eliminate any damaging effects. Under this record, we cannot hold that the trial court's balancing

of the various factors was incorrect. *See Southern Pacific Transportation Company v. Peralez,* 546 S.W.2d 88, 95–96 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

Finally, there is some question as to whether the error complained of was properly preserved. Appellant raised two objections to this trial testimony, the second of which is the one here reurged. In response to this objection the court responded, "[T]here is nothing to overrule in the second point." Appellant made no further objections to this testimony. An objection must actually be overruled before it preserves error for our review. TEX.R. EVID. 103; *Prudential Insurance Company of America v. Uribe,* 595 S.W.2d 554, 566 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). Having failed to secure a ruling on his objection, any error therein was waived. For each of these reasons, appellant's first point of error is overruled.

Appellant also called Vern Roberts, a safety engineer, during his case-in-chief. During his testimony, appellant attempted to introduce the American National Standards Institute standards relating to restraining devices on hydraulic lifts. The court, however, declined to admit the actual written standards into evidence. In his second point of error, appellant complains that the failure to admit the standards constituted reversible error. We disagree. It appears from Roberts' bill of exceptions testimony that the standards sought to be admitted applied to two types of lifts: material hoists used during construction and hoists not a permanent part of a building. For the standards to be admissible it was necessary for appellant to show that the hoist in question fit into the above listed classifications. The only proof of this which appellant provided was Roberts' unexplained, conclusive statement that the standards were applicable. On the other hand, the trial court had before it various facts indicating that the standards on their face were inapplicable. For the court's exclusion of that evidence to constitute reversible error, appellant must show that the trial court abused its discretion and that the exclusion probably caused the rendition of an improper judgment. *See* TEX. R.CIV.P. 434; *Reina v. General Accident Fire and Life Assurance Corporation, Ltd.,* 611 S.W.2d 415, 417 (Tex.1981). We do not believe appellant proved such an abuse. Appellant's second point of error is overruled.

During the trial, appellant read into evidence appellee's affirmative response to a request for admission that the lift had a leak in its hydraulic system. Robert Skinner, one of appellee's employees, stated through deposition that he did not think the system had a leak. Appellant now contends in his third point of error that this testimony was inadmissible as it contradicted appellee's prior judicial admission. Again, we must disagree. Although Skinner did state that he did not think the lift had a leak, he went on to explain that as the piston moved it would, in fact, carry the oil out of the system. This statement did not *contradict* appellee's admission, but rather simply explained how the removal of oil occurred, and was therefore admissible. *See Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415, 418 (1960); *Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.,* 592 S.W.2d 412, 416 (Tex.Civ.App.—Tyler 1979, no writ). Appellant's third point of error is overruled.

Appellant's fourth point of error complains as follows:

> The court erred in submitting special issue No. 2(A) for the reason that the manner in which John Perez loaded drinks onto the lift in question was accomplished under the duress of instructions from a supervisor in the employment relation. (No evidence/insufficient evidence point.)

Appellant's only trial court objections to this special issue were that there was no evidence and no pleadings to support its submission. It is well settled that a party is confined to the grounds of objection stated in the trial court and that he will not be

allowed to enlarge his complaint on appeal. TEX.R.CIV.P. 274; *Motor 9, Inc. v. World Tire Corporation,* 651 S.W.2d 296, 301 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). Consequently, we cannot consider appellant's argument that the submission of special issue 2(A) was in error because appellant acted under duress. Furthermore, appellant failed to brief his "no evidence/insufficient evidence" point. Any points raised, but not properly briefed, are waived. *See* TEX.R.CIV.P. 414; *Bellefonte Underwriters Ins. Co. v. Brown,* 663 S.W.2d 562, 576 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Appellant's fourth point of error is overruled.

In his fifth, sixth and seventh points of error, appellant contends there was insufficient evidence to support the jury's answers to three special issues. Specifically, he contests the jury's findings that: (1) appellant was negligent in the lookout he kept for his own safety; (2) 50% of the negligence that caused the occurrence was attributable to appellant; and (3) appellant's damages amounted to $102,500.00. Appellant's briefing obligations do not end with a statement of his points of error. He has the further burden to show that the record supports his contentions and to point out the place in the record where the matters upon which he relies are shown. *Vapor Corporation v. Welker,* 582 S.W.2d 858, 860 (Tex.Civ.App.—Beaumont 1979, no writ); *Kropp v. Prather,* 526 S.W.2d 283, 288 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Appellant's few references to this lengthy record under each of his points of error do not meet this burden.

Appellee, however, has made a thorough search of the record and presented a comprehensive summary of the trial testimony. From that recitation we ascertain the following relevant facts. Appellant and his co-worker Bridges arrived at Baker Packers where they were to deliver cases of Dr. Pepper. Appellant wanted to unload the cases quickly since he received a commission based on the number of cases he delivered daily. Thus, appellant and Bridges loaded the soft drinks onto the lift by hand, rather than wait for a forklift. They loaded the cases to between one and two feet from the edge of the lift, and to about chest height. Two eyewitnesses noticed this unusual loading method, and even Bridges himself originally had doubts about the safety of their loading method. Because of the way the cases were stacked, appellant stood near the edge of the lift to ride the eight feet to the ultimate unloading location. Though he could have stood on an edge of the lift near a wall, he stood at an unguarded edge. He placed his dolly on the lift in such a way that he had to step off the lift backwards to unload the cases. Under normal procedures, he would not be required to unload the lift in this manner.

The evidence also established that the lift did not lurch or jerk before appellant fell. Although one witness testified that the lift did jerk, he said it happened halfway up, not at the top, where appellant's fall occurred. Significantly, appellant himself did not recall a jerk or lurch. The evidence further suggested that appellant himself had ridden the lift earlier that day without falling. Additionally, appellant was the only one of the three men on the lift who fell.

The jury found that appellant negligently loaded the drinks on to the lift, that he stood too close to the edge of the lift, and that he failed to keep a proper lookout for his own safety. We believe that under the facts before us the jury was warranted in making those findings. We further believe that a finding of 50% negligence on the part of appellant was also warranted, particularly in light of the fact that appellant did not challenge the jury's finding that he negligently stood too near the edge of the lift. Appellant's fifth and sixth points of error are overruled.

Similarly, appellant attempts to show that the jury's twelve findings on damages were against the great weight of the evidence; this he attempts to do through a single specific record reference. Again appellant has failed to meet his appellate burden. *See Vapor Corporation v. Welker,* 582 S.W.2d at 860; *Kropp v. Pranther,*

526 S.W.2d at 288. However, we again refer to appellee's recitation and find the evidence sufficient. Appellant's only undisputed injuries were a bleeding right ear, some hearing loss, and a strained right wrist. Although other problems were mentioned in expert testimony, they were contested. Some injuries testified to were not conclusively tied to appellant's fall, and many were aggravated by his failure to properly rehabilitate. Finally, appellant's suggestion that the finding on loss of earnings was not the amount testified to by an economist is easily refuted since those calculations were strongly impeached on cross-examination. Appellant's seventh point of error is overruled.

In his final two points, appellant contends that the cumulative effect of his assigned points of error require that the case be reversed in the interest of justice. This contention presupposes the presence of error. Here, however, we have overruled each of appellant's points of error; consequently, there are no errors to accumulate. Furthermore, we do not believe appellant has presented such an unusual case that it requires reversal simply in the interest of justice. *See Sears, Roebuck & Company v. Marquez*, 628 S.W.2d 772 (Tex.1982). Appellant's eighth and ninth points of error are overruled.

 Appellee raises three cross-points. Its first point challenges the propriety of the court's action in taxing all costs against Baker. Appellee argues that since the court entered a take-nothing judgment, appellant did not actually obtain a judgment against appellee, and therefore, was not a "successful party" entitled to recover costs under rule 131 of our Rules of Civil Procedure. As suggested, rule 131 provides that a successful party may recover all costs incurred from his adversary. A "successful party" is one who obtains a judgment of a competent court vindicating a civil claim of right. *Zoning Board of Adjustment of Lubbock v. Graham & Associates, Inc.*, 664 S.W.2d 430, 437 (Tex. App.—Amarillo 1983, no writ). In this case, appellant did, in fact, obtain a judg-

ment vindicating a civil right. This was perhaps made most clear in the court's judgment, which recites that appellant did prevail against appellee. The judgment against appellee became a take-nothing judgment simply because a second defendant settled with appellant prior to trial in an amount greater than the total damages assessed against appellee; appellee was, therefore, not liable in money damages to appellant. We believe that the determination of a successful party under rule 131 is to be based upon success upon the merits, not upon damages. Accordingly, since appellant prevailed, the court was not in error in assessing costs against appellee.

 In its final cross-point appellee contends that rule 438 of the Rules of Civil Procedure as applied to this case deprives it of the equal protection of the laws. This rule permits a plaintiff-appellee to recover a 10% penalty from a defendant-appellant for an appeal taken for delay and without sufficient cause, but does not allow such a penalty for a defendant-appellee, such as appellee-Baker, when the plaintiff-appellant brings a similar, groundless appeal. Appellee's contention fails for two reasons. First, even if appellee were a proper party to recover a penalty under the rule, it has not proved that it has met the requirements for that recovery, namely, that the appeal was taken for delay and appellant had no sufficient cause for taking the appeal. Secondly, appellee's argument that the application of rule 438 deprives it of the equal protection of the laws loses meaning when we consider the purpose of that rule. Rule 438 is a means of punishing a defendant who loses in the trial court, and then attempts an appeal solely to delay the execution of the judgment. *See City of Houston v. Henderson*, 506 S.W.2d 731, 733–34 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). It has no application in the case of a take-nothing judgment, or where the defendant below is the appellee. Appellee's third cross-point is overruled. We likewise overrule appellee's second cross-point as it is not dispositive of the appeal.

The judgment is affirmed.