STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant,

v.

Patricia GRAYSON, Appellee.

No. 04–98–00137–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1998.

Rehearing Overruled Dec. 8, 1998.

Alex M. Miller, Robert A. Allen, Allen,
Stein, Powers, Durbin & Hunnicutt, P.C.,
San Antonio, for Appellant.

Paul D. Taylor, Bart L. Brzozowski, Law
Offices of Bart L. Brzozowski, San Antonio,
for Appellee.

RICKHOFF, STONE, and GREEN,
Justices.

**OPINION**

RICKHOFF, Justice.

State Farm Mutual Automobile Insurance
Company appeals from a take-nothing judgment rendered against Patricia Grayson. In
its sole issue, State Farm argues that the
trial court erred by assessing costs against it
because it prevailed on Grayson's cause of
action for underinsured motorist benefits.
We agree with State Farm's contention. We
therefore modify the judgment to assess
costs against Grayson.

FACTUAL AND PROCEDURAL BACKGROUND

Grayson sued State Farm, claiming she
sustained injuries in a car accident caused by
the negligence of an underinsured motorist,
Jerome Richard Perales. She alleged that
on the date of the accident, she had underinsured motorist coverage under a policy with
State Farm, but that State Farm had refused
to compensate her pursuant to the policy.
Grayson and State Farm stipulated that
State Farm was entitled to a credit of $20,-
000, the amount that Grayson had already
obtained in settlement from Perales's insurer. Three special issues were submitted to
the jury: 1) whether the negligence of Grayson or Perales caused the accident; 2) what
percentage of negligence was attributable to
Grayson and Perales; and 3) what sum of
money would compensate Grayson for her
injuries. The jury determined that the accident was 100% attributable to Perales's neg-

ligence and that Grayson's damages were $6,550. Because the parties had stipulated to the $20,000 credit, the court rendered a take-nothing judgment against Grayson. However, the court taxed costs against State Farm.

## DISCUSSION

■ Rule 131 of the Texas Rules of Civil Procedure provides that a "successful party" shall recover costs of court. A successful party under this rule is one who obtains a judgment vindicating a civil claim of right. *See Scholl v. Home Owners Warranty Corp.,* 810 S.W.2d 464, 468 (Tex.App.—San Antonio 1991, no writ). State Farm asserts that Grayson's claim for underinsurance benefits was not vindicated; instead, a take-nothing judgment was rendered on that claim. It therefore asserts that the trial court should have taxed costs against Grayson. *See Denney v. Texas Employers Ins. Ass'n,* 780 S.W.2d 412, 413 (Tex.App.—Texarkana 1989, no writ) ("The party in whose favor a take-nothing judgment is entered is the prevailing party.").

■ Characterizing this case as a personal injury action, Grayson counters that she was successful on the merits because the jury found that Perales's negligence was the sole cause of the accident. She relies on *Perez v. Baker Packers,* 694 S.W.2d 138, 143 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), in which the court held that "the determination of a successful party under rule 131 is to be based upon success upon the merits, not upon damages." We disagree with Grayson's characterization of this case and with her assertion that *Perez* is on point.

Although Grayson's petition alleged that her injuries were caused by Perales's negligence, and State Farm denied this allegation and claimed that Grayson was contributorily negligent, Grayson's asserted basis for recovering from State Farm was its contractual duty to provide her underinsured motorist benefits. She alleged that State Farm refused to pay these benefits "as it is contractually required to do."

■ To establish her entitlement to the underinsured motorist benefits, Grayson was required to establish two things. First, she was required to establish Perales's negligence and the amount of her damages. *See Essman v. General Accident Ins. Co.,* 961 S.W.2d 572, 573 (Tex.App.—San Antonio 1997, no pet.). Second, she was required to establish that Perales was, in fact, underinsured. *Cf. State Farm Mut. Auto. Ins. Co. v. Matlock,* 462 S.W.2d 277, 278–79 (Tex.1970) (plaintiff in uninsured motorist case has burden of proving tortfeasor was uninsured). Grayson satisfied the first requirement by convincing the jury that Perales's negligence caused her damages in the amount of $6,550. Grayson does not dispute, however, that she received a $20,000 settlement from Perales's insurer. Since her damages were less than this amount, Perales was not underinsured. *See Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 380 (Tex.1989) ("[A] negligent party is underinsured whenever the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages.").

In *Perez,* the plaintiff sued a premises owner for negligence. A take-nothing judgment was rendered against the plaintiff because a second defendant had settled with the plaintiff in an amount greater than the total damages assessed against the premises owner. Nevertheless, the trial court assessed costs against the premises owner. *See Perez,* 694 S.W.2d at 143. The appellate court upheld the assessment of costs. *See id.* It is apparent that the plaintiff in *Perez* proved his cause of action against the defendant. Thus, he succeeded "on the merits," even though he was not entitled to recover damages from the defendant after the application of the offset. *See id.* As explained above, however, Grayson was not successful on the merits because Perales was not underinsured.

Since State Farm, rather than Grayson, was the successful party, the trial court erred by taxing costs against State Farm. We therefore modify the judgment to provide that costs are taxed against Grayson. As modified, the judgment of the trial court is affirmed.