NUMBER 13-06-617-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

INTERCONTINENTAL GROUP PARTNERSHIP Appellant,


v.
 


KB HOME LONE STAR LP, Appellee.

 




On appeal from the 92nd District Court of Hidalgo County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 In this appeal, we must decide what constitutes a "prevailing party" in a breach of
contract lawsuit. If a jury has found a defendant liable for breach, but does not award
damages to the plaintiff, then has the plaintiff truly "prevailed?" This is not merely an
abstract question of legal linguistics; it is a question with significant practical implications
for the recovery of attorneys' fees. The question is of particular importance when, as in this
case, the contract terms addressing attorneys' fees depart from the provisions in the civil
practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon
2006). We answer the question by determining that liability, not damages, is the
appropriate indicator of which party has prevailed in litigation. Therefore, we affirm the
judgment of the district court.

I. Factual Background

 Intercontinental Group Partnership ("Intercontinental") is a real estate development
partnership based in McAllen, Texas. KB Home Lone Star ("KB") is a nationally prominent
home builder based in Los Angeles, California. Beginning in 2003, the two parties entered
into several contracts wherein Intercontinental agreed to develop and then sell subdivision
plots in the Rio Grande Valley to KB. The contracts, which were drafted by KB, included
the following language:

Attorney's Fees. If either party named herein brings an action to enforce the
terms of the contract or to declare rights hereunder, the prevailing party in
any such action, on trial or appeal, shall be entitled to his reasonable
attorney's fees to be paid by losing party as fixed by the Court.


[Emphasis added.]

 The contract did not define the term "prevailing party." During the time for
performance of the contract, Intercontinental asserted that KB had reneged on a
contractual promise to purchase three particular subdivisions. In response, Intercontinental
refused to sell KB a subdivision known as "Santa Clara" although the sale had been
provided for in a contract between the parties. KB then filed suit, seeking specific
performance and actual damages. (1)

 Intercontinental filed a counterclaim in which it alleged that in an oral agreement
accompanying the written Santa Clara contract, KB had agreed to buy Santa Clara at
below-market price in exchange for buying other subdivisions from Intercontinental at
above-market prices. Intercontinental argued that it had detrimentally relied upon the
alleged oral promise.

 At trial, a jury found Intercontinental liable for breaching the Santa Clara contract. 
The charge contained fourteen questions, all of which the jury answered to find
unambiguously that Intercontinental was liable for breach and that KB bore no liability
whatsoever. No jury question was submitted as to whether KB had also breached the
Santa Clara contract because Intercontinental had not sued upon those grounds. The jury
further found that KB was entitled to recover $66,000 in attorneys' fees as the "reasonable
fee for . . . necessary services." The jury did not, however, find that KB was entitled to the
specific performance or actual damages which it sought.

 Both parties filed motions for entry of judgment. KB moved for entry of judgment on
the premise that it had prevailed because Intercontinental was found liable for breach of
contract. Intercontinental moved for entry of judgment on the premise that it had prevailed
because the jury did not award any damages to KB. The district court entered judgment
for KB, declaring that it "should recover its damages against the Intercontinental Group
Partnership as found by the jury." The district court then awarded KB, the "prevailing
party," $66,000 in attorneys' fees as decided by the jury. Intercontinental now appeals.

II. Standard of Review

 Both parties agree that an award of attorneys' fees is reviewed under an abuse of
discretion standard. Dail v. Couch, 99 S.W.3d 390, 391 (Tex. App.-Corpus Christi 2003,
no pet.). The test for abuse of discretion is to determine whether the trial court acted
without reference to any guiding rules or principles, or whether under the circumstances
of the case, the trial court's actions were arbitrary or unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

III. The Contract Controls Over Chapter 38

 We must begin our analysis by distinguishing the language of the contract in this
case from the language in chapter 38.001(8) of the civil practice and remedies code, a
similarly-worded Texas statute that directly addresses the recovery of attorneys' fees in a
breach of contract action. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon
2006). Intercontinental argues that case law interpreting the provisions of chapter 38.001
is controlling authority in the instant case. See, e.g., Mustang Pipeline Co., Inc. v. Driver
Pipeline Co., Inc., 134 S.W.3d 197, 201 (Tex. 2004); Ed Rachal Found. v. D'Unger, 117
S.W.3d 348, 357 (Tex. App.-Corpus Christi 2003), rev'd on other grounds, 207 S.W.3d
330 (Tex. 2006). We disagree. It is the contract--rather than the statute--that controls.

 Under Texas statutory law, a party may recover reasonable attorneys' fees from an
individual or corporation, in addition to the amount of a valid claim and costs, if the claim
is for breach of an oral or written contract. See § 38.001(8). The phrase in the statute,
which reads "in addition to the amount of a valid claim," implies that a party must first have
been awarded damages before it may be awarded attorneys' fees. Green Int'l v. Solis, 951
S.W.2d 384, 390 (Tex. 1997); State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437
(Tex. 1995); Stewart Title Guar. Co. v. Becker, 930 S.W.2d 748, 760 (Tex. App.-Corpus
Christi 1996, writ denied).

 Parties to a contract may also recover attorneys' fees if they arrange for such
recovery as a contractual term. Alma Group, L.L.C. v. Palmer, 143 S.W.3d 840, 845 (Tex.
App.-Corpus Christi 2004, pet. denied) (citing New Amsterdam Cas. v. Tex. Indus., Inc.,
414 S.W.2d 914, 915 (Tex. 1967)). The parties to the contract may create their own terms
which need not correspond to chapter 38 of the civil practice and remedies code. Wayne
v. A.V.A. Vending, Inc., 52 S.W.3d 412, 417 (Tex. App.-Corpus Christi 2001, pet. denied)
(citing One Call Sys., Inc. v. Houston Lighting & Power, 936 S.W.2d 673, 676 (Tex.
App.-Houston [14th Dist.] 1996, writ denied)); see also Cysco Enters., Inc. v. Hardeman
Family Joint Venture, No. 03-0200230-CV, 2002 Tex. App. LEXIS 8955, at *15 (Tex.
App.-Austin 2002, no pet.) (not designated for publication). The parties may agree to
terms for the recovery of fees that are either more or less liberal than the terms presented
in chapter 38. Wayne, 52 S.W.3d at 418. In such cases, it is the language of the contract,
not the statute, that governs. Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938
S.W.2d 102, 118 (Tex. App.-Houston [14th Dist.] 1996, no writ). Furthermore, it is the
language of the agreement itself--not the present interpretation of the parties--that
determines the intent of the parties, and the agreement must be enforced as written. 
Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 121 (Tex.
App.-Corpus Christi 1999, pet. denied).

 In the instant case, both KB and Intercontinental agree that the contract, not the civil
practice and remedies code, controls the attorneys' fees dispute, but the parties disagree
as to the scope and interpretation of the contract. Intercontinental argues that the contract
term addressing attorneys' fees is analogous to the language of the code, and therefore,
the case law interpreting the statute is controlling authority. KB argues, however, that the
contract language is different from the statutory language and must be construed more
liberally. We agree with KB's interpretation.

 To begin, the language of the contract states that the prevailing party "shall be
entitled to his reasonable attorneys' fees to be paid by losing party as fixed by the Court,"
and it does not offer any qualifying criteria for the recovery of fees other than that a party
must "prevail." The contract language notably excludes the phrase, "in addition to the
amount of a valid claim and costs," which appears in chapter 38 operating as a proviso
preventing recovery for a prevailing party unless damages are first awarded. ITT
Commercial Fin. Corp. v. Riehn, 796 S.W2d 248, 256 (Tex. App.-Dallas 1990, no writ)
(explaining that under chapter 38, "there must be a recovery of money, or at least of
something of value; otherwise, the attorney's fee award cannot be described as an
'addition' to the claimant's relief"). Intercontinental offers no evidence as to why the clause
from the statute must be implied in the contract when the parties did not choose to include
it at the time of formation. Limiting ourselves to the plain language of the agreement, we
must presume that the parties' exclusion of the phrase was deliberate. Pegasus, 3 S.W.3d
at 121.

 Thus, with no indication that Intercontinental and KB intended to predicate the
recovery of attorneys' fees upon first receiving money damages, chapter 38 and the cases
pursuant to it are inapposite. Instead of chapter 38's two-part requirement that a party
must both prevail and receive money damages, the contract provides only a single
requirement for the recovery of fees: that a party must prevail.

IV. Is KB the "Prevailing party"?

 The trial court entered judgment for KB as the prevailing party, but Intercontinental
claims that it is the prevailing party. We agree with the trial court.

 Under Texas law, a "prevailing party" is a party who successfully prosecutes the
action or successfully defends against it, prevailing on the main issue, even though not to
the extent of its original contention. Hoffman v. Deck Masters, Inc., 662 S.W.2d 438, 441
(Tex. App.-Corpus Christi 1983, no writ); see also Flagship Hotel, Ltd. v. City of Galveston,
117 S.W.3d 552, 564 (Tex. App.-Texarkana 2003, pet. denied). Determining whether a
party is the prevailing or successful party must be based upon success on the merits and
not on whether or not damages were awarded. Head v. U.S. Inspect DFW, Inc., 159
S.W.3d 731, 749 (Tex. App.-Fort Worth 2005, no pet.); Scholl v. Home Owners Warranty
Corp., 810 S.W.2d 464, 468 (Tex. App.-San Antonio 1991, no writ); Perez v. Baker
Packers, 694 S.W.2d 138, 143 (Tex. App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.); see
also Cysco Enters., Inc., 2002 Tex. App. LEXIS 8955, at *17.

 A prevailing party is one who is vindicated by the trial court's judgment. Dear v. City
of Irving, 902 S.W.2d 731, 739 (Tex. App.-Austin 1995, writ denied). Texas law rejects the
argument that a party, vindicated on a civil claim of right by a competent court, has not
prevailed merely because the vindicated party received a take-nothing judgment. Perez,
694 S.W.2d at 143; Zoning Bd. of Adjustment v. Graham & Assocs. Inc., 664 S.W.2d 430,
437 (Tex. App.-Amarillo 1983, writ denied). Lawsuits are not, at their core, about the
recovery of damages; they are about the vindication of a civil claim on the merits. See
Perez, 694 S.W.2d at 143.

 Intercontinental disputes this case law by arguing that when a party receives a take-nothing judgment, the judgment cannot reasonably be construed as favorable. Such an
argument, however, is undermined by the very definition that Intercontinental suggests for
"prevailing party." Intercontinental specifically suggests that a prevailing party is "a party
in whose favor a judgment is rendered, regardless of the amount of damages awarded." 
Black's Law Dictionary 619 (5th ed. 1983). The phrase "regardless of the amount of
damages" is an infirmity in Intercontinental's argument. It implies possible scenarios
wherein a party may not be awarded damages but may still be considered "prevailing"
because the judgment was rendered in its favor.

 Intercontinental also directs us to a case in which the San Antonio Court of Appeals
held that "a 'none' answer on the damages issue renders the liability issue immaterial." 
Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc., 131 S.W.3d 113, 123 (Tex.
App.-San Antonio 2004), aff'd, 159 S.W.3d 87 (Tex. 2005). We have directly responded
to this argument in the past by explaining that "where the jury finds no damages, findings
on issues of liability are immaterial and harmless." Pojar v. Cifre, 199 S.W.3d 317, 348
(Tex. App.-Corpus Christi 2006, pet. denied) (upholding a jury finding of malice even
though the jury, by refusing to award exemplary damages, "chose not to punish [the
defendant] for it"); see also Canales v. Nat'l Union Fire Ins. Co., 763 S.W.2d 20, 23 (Tex.
App.-Corpus Christi 1988, writ denied). In other words, Cortez may support the
proposition that KB's victory is immaterial, but it does not support the argument that KB
failed to prevail. See Cortez, 131 S.W.3d at 123. Our precedents recognize that an
"immaterial" victory may be frustrating for a plaintiff, but it is still a victory.

 Intercontinental cites--and relies substantially upon--our 1999 opinion in Pegasus
Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112 (Tex. App.-Corpus Christi
1999, pet. denied) for its argument that the award of damages, rather than liability, is the
factor that determines which party has prevailed in litigation. Intercontinental's essential
point, which it attempts to support by citing Pegasus, is that its objective in litigation was
to avoid paying damages to KB, and because it succeeded in this regard, it "prevailed." 
We disagree, and we believe that Intercontinental misreads Pegasus.

 In Pegasus, just as in the four other cases cited by Intercontinental on this point,
one principle is always clearly stated: "prevailing" is a question of liability, not damages. 
See Garrison v. Kocurek, No. 03-99-00270-CV, 2000 Tex. App. LEXIS 457, at *4 (Tex.
App.-Austin 2000, no pet.) (not designated for publication); State Farm Mut. Auto. Ins. Co.
v. Grayson, 983 S.W.2d 769, 770 (Tex. App.-San Antonio 1998, no pet.); Bauer v. State
Farm Mut. Auto. Ins. Co., No. 01-91-00345-CV, 1993 Tex. App. LEXIS 2387, at *12-13
(Tex. App.-Houston [1st Dist.] 1993, no pet.) (not designated for publication); Weng
Enters., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 223 (Tex. App.-Houston [1st
Dist.] 1992, no pet.).

 In Pegasus, we adhered strictly to our precedents by reiterating that "the term
'prevailing party,' for the purpose of awarding attorney's fees, refers to a party who
successfully prosecutes an action or successfully defends against an action on the main
issue." Pegasus, 3 S.W.3d at 128. We then applied this principle in deciding whether the
plaintiff's claim for reimbursement of expenses or the defendant's counterclaim was the
"main issue" of the case. Id. at 129. We concluded that the main issue was the original
claim for reimbursement expenses, and because the plaintiff had successfully prosecuted
that action, we affirmed an award of attorneys' fees to the plaintiff as the "prevailing party." 
Id.

 Fundamentally, in Pegasus, we addressed competing civil claims of right--a claim
and a counterclaim--and we decided which was the main issue. Id. We did not decide
whether the main issue was a civil claim of right or the damages sought under that claim. 
Such an analysis would not have comported with Texas law, and it is incorrect to apply
such a reading of Pegasus to the instant case. Much like the plaintiff in Pegasus, KB
prevailed because it was vindicated on a civil claim of right, and Intercontinental was not. 
Any damages awarded are not relevant to the issue of which party "prevailed."

 It is worth noting that the United States Supreme Court recently addressed this
question and echoed the position taken by the Texas courts, holding that the plain meaning
of prevailing party is a "party in whose favor a judgment is rendered, regardless of the
amount of damages awarded." Buckhannon Bd. & Care Home v. W. Va. Dep't of Health
& Human Res., 532 U.S. 598, 603 (2001) (citing Black's Law Dictionary 1145 (7th ed.
1999)). Although the Supreme Court then stated that "respect for ordinary language
requires that a plaintiff receive at least some relief on the merits of his claim before he can
be said to prevail," the court emphasized that monetary damages are not the only possible
relief. Id. at 603-04 (quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987)). "Judgments on
the merits" are sufficient relief to serve as the basis for an award of attorneys' fees. Id. at
604; see also id. at 614 (Scalia, J., concurring) ("That a judicial finding of liability was an
understood requirement of 'prevailing' is confirmed by many statutes that use the phrase
in a context that presumes the existence of a judicial ruling."). A declaratory judgment,
injunction, or even relief without the benefit of a formal judgment--e.g., a consent decree
or settlement--may also constitute relief. Hewitt, 482 U.S. at 760. An award of nominal
damages may also be sufficient. See Farrar v. Hobby, 506 U.S. 103, 113 (1992).

 The central theory that forms this jurisprudence--both state and federal--is that
"enforceable judgments on the merits . . . create the 'material alteration of the legal
relationship of the parties' necessary to permit an award of attorney's fees." Buckhannon,
532 U.S. at 604 (quoting Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S.
782, 792-93 (1989)).

 Because the law unambiguously articulates that the central issue is "success on the
merits, and not whether damages were awarded," KB, which alleged a breach of contract
against Intercontinental and was vindicated on this point by the court, must be considered
the "prevailing party" in the instant case. See Dear, 902 S.W.2d at 739. In its answers to
jury questions one, two, and four, the jury found that Intercontinental breached the
contract, had no affirmative defense for the breach, and that specific personnel within
Intercontinental intentionally interfered with the contract. Moreover, in its answers to
subsequent questions eight, ten, eleven, and fourteen, the jury found that KB was not liable
for breach, possessed a special relationship with Intercontinental, complied with its duty
of good faith and fair dealing pursuant to that special relationship, and that Intercontinental
suffered no harm as a result of malice or fraud. It is impossible to read the jury's answers
in any manner other than finding liability for breach of contract on the part of
Intercontinental. It is that clear and unambiguous finding of breach, not any kind of
damage award, that makes KB the prevailing party.

V. Did the Trial Court Award Attorneys' Fees to KB as "Damages"?

 Having decided that the indicator of what is a "prevailing party" is vindication on a
civil claim of liability, not resulting damages, we must answer one final question: do the
attorneys' fees awarded to KB constitute "damages?" If, as Intercontinental argues,
attorneys' fees are damages, then they were improperly awarded by the trial court, given
that the jury specifically awarded KB zero damages. We find, however, that the attorneys'
fees are not damages, and therefore, the award of "reasonable attorneys' fees" awarded
to KB is not in error.

 All the relief awarded to a party at the close of a trial is not necessarily classified as
damages. Attorneys' fees, for example, are not damages; they are more properly
classified under the rubric of court costs. Alma Group, 143 S.W.3d at 846 (explaining that
attorneys' fees are in the nature of costs, not damages). This distinction between
damages and costs implies that a trial court is not necessarily prohibited from awarding
attorneys' fees to a party that has been awarded a take-nothing judgment with regard to
damages. Therefore, a finding that a party take nothing in damages but also permitting the
recovery of attorneys' fees is not inherently inconsistent.

 Intercontinental argues that the trial court erred in awarding $66,000.00 in attorneys'
fees to KB because the jury clearly found that KB ought to "take nothing." Specifically,
Intercontinental cites the language from the trial court's judgment stating that "KB should
recover its damages . . . as found by the jury" as support for its argument that the trial court
wrongly awarded attorneys' fees as damages to KB.

 Upon first glance, it indeed appears contradictory for the trial court to announce that
KB was entitled to receive the damages awarded by the jury--which were zero--and then
to award $66,000 to KB. This argument is not valid, however, when the language is
viewed in context.

 The language in the court's judgment never makes the error of describing attorneys'
fees as damages. In one line, it simply orders that KB, the prevailing party, take its
damages--which are in the amount of zero. In the next line, the court orders that KB take
$66,000. It does not refer to this amount as "damages." There is no indication in the
record that the trial court understood these attorneys' fees to be damages, nor did the
language of the jury charge incorrectly refer to the attorneys' fees as damages. (2) Thus
there is no contradiction here--attorneys' fees are not damages.

VI. Conclusion

 The trial court's interpretation of the plain language of the contract between KB and
Intercontinental was not an abuse of discretion. Nor was the court's entry of judgment in
favor of KB an abuse of discretion because KB unambiguously prevailed by successfully
demonstrating to a jury that Intercontinental breached a contract. It was this victory on the
issue of liability--irrespective of damages--that made KB the "prevailing party." Finally,
the court's decision to award attorneys' fees to KB was not merely a veiled damages
award. The judgment of the district court is AFFIRMED.


 __________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and filed 

this the 23rd day of August, 2007.

1. While this suit was pending, KB filed a lis pendens to secure its interest in Santa Clara. This lis
pendens became the subject of a mandamus in which KB was denied relief at both the appellate and supreme
courts. In re KB Home Lone Star L.P., No. 13-06-091-CV, 2006 Tex. App. LEXIS 2235 (Tex. App.-Corpus
Christi 2006, orig. proceeding). We note this portion of the procedural history in the interest of thoroughness,
but it has no bearing on the present issue in the case.
2. The question read as follows: "Question 7: What is a reasonable fee for the necessary services of
the KB Home Lone Star, L.P.'s attorneys in this case, stated in dollars and cents?"