Rafael **LOVATO**, Appellant,

v.

**RANGER INSURANCE COMPANY,**
**Appellee.**

**No. 9093.**

Court of Civil Appeals of Texas,
Amarillo.

March 19, 1980.

Rehearing Denied April 16, 1980.

**35**

Mark Smith & Associates, Mark Smith, Lubbock, for appellant.

Thompson & Thomas, George L. Thompson, III, Lubbock, for appellee.

REYNOLDS, Chief Justice.

Rafael Lovato appeals from a take-nothing judgment rendered on a jury verdict in his action to recover workers' compensation benefits from Ranger Insurance Company. Because Lovato has not demonstrated error which would justify any disturbance of the judgment, we affirm.

Lovato, a seasonal worker, testified, and the jury found, that he received an injury on or about 24 November 1977 in the course of his employment with a gin. Lovato's version of his injury, albeit disputed, is that in falling from some bales of cotton, he grabbed a chain, sliding downward to where a hook at the end penetrated his clothing and tore a hold in the skin of his right testicle. The next day Lovato saw a doctor who examined and treated him. Lovato did not return to work. In mid-December Lovato saw another doctor who, after an examination, found evidence of a hernia in the left inguinal area and told Lovato that the injury he claimed did not cause the hernia. The doctor operated on Lovato in June of 1978, finding a direct hernia and an indirect hernia in the left inguinal area. The doctor was of the opinion that the indirect hernia was congenital, but he did not know the producing cause of the direct hernia.

The jury failed to find that the injury was a producing cause of any total or partial incapacity, or that the injury resulted in either a direct or an indirect hernia. The jury also failed to find that medical care was reasonably required by Lovato as a result of the injury.

Appealing from the take-nothing judgment rendered on the verdict at his cost, Lovato attacks the judgment itself and certain actions of the trial court with thirteen points of error. The points are identified and segregated for consideration under the following two parts of this opinion.

### Part I

In Part I of this opinion, we mention and indicate the disposition of the second through eleventh of Lovato's thirteen points of error. He utilizes the points to complain of either the rendition of an erroneous judgment or the refusal of the court to grant him a new trial.

■ More explicitly, points two, four, eight and ten are Lovato's assertions that the judgment is erroneous because the evidence conclusively established his total dis-

ability, his partial incapacity, and that the injury resulted in a direct hernia and in an indirect hernia. The remaining points in this category are Lovato's assertions that a new trial is warranted because of the jury's failure to find total and partial incapacity, his average weekly wage at the time of injury, and that his injury resulted in a direct and an indirect hernia. Thereunder, he contends that each failure to find is against the great weight and preponderance of the evidence.[1]

As drafted and developed by the statements, arguments and authorities cited in support thereof, the ten points of error invoke an appellate review and consideration of the evidence by familiar rules of law. The review reveals no uniqueness in the evidential record, and the issues involved are controlled by elementary principles of law; so, pursuant to Rule 452, Texas Rules of Civil Procedure, the explanations why reversible error is not demonstrated by use of these points are relegated to an unpublished Appendix to Part I of this opinion.

### Part II

■ In its verdict, the jury also failed to find that medical care was reasonably required by Lovato as a result of the injury. Seeking a new trial by his twelfth and thirteenth points, Lovato presents the contention that the jury's failure to so find is against the great weight and preponderance of the evidence.[2] The crux of the contention is that Texas Revised Civil Statutes Annotated, Article 8306, § 7 (Vernon Supp.1980), obligates Ranger to pay for his hernia surgery and related medical bills. We disagree.

As relevant here, Article 8306, § 7 provides that the insurance carrier shall

furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury.

The statute measures the rights of the parties.

Although the record indisputably shows that Ranger paid the medical expenses incurred by Lovato prior to his hernia surgery, Ranger was, by the very language of the statute, only obligated to furnish the medical care reasonably required to cure and relieve from the effects naturally resulting from the injury. Thus, to recover for the hernia surgery and related medical expenses, Lovato had the burden of proving the facts establishing that such medical care was required as a result of his injury. *Harleysville Mutual Insurance Co. v. Frierson*, 455 S.W.2d 370, 375 (Tex.Civ.App.— Houston [14th Dist.] 1970, no writ).

Lovato failed to persuade the jury by a preponderance of the evidence to find that medical care was reasonably required by him as a result of his injury. In the Appendix to Part I of this opinion, we summarized the evidential record and explained why Lovato neither conclusively established, nor the evidence preponderated against the jury's failure to find, a causal connection

---

1. In drafting these points, Lovato erroneously assumes that the jury's "no" answers to the issues inquiring into the existence of vital facts upon which he had the burden of proof are affirmative findings of the nonexistence of the facts. Properly interpreted, a "no" answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence the fact which one has the burden to affirmatively establish, and simply means that he failed to discharge his burden of proof. *C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). The interpretation is peculiarly applicable here inasmuch as the court charged the jury that Lovato had the burden of proof on the issues and they "should be an-

swered 'yes', if you so find from a preponderance of the evidence; otherwise, answer 'no'."

2. The contention evolves from an ascertainment made in light of the statement and argument under the points, *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 114 (Tex.1976), although both of the points embrace language of another special issue which was not answered by the jury. A further complication is that the points are founded on the theory of an affirmative finding by the jury instead of its actual failure to find. Beyond that, the twelfth point includes a "no evidence" complaint which, of course, is unavailing, because a failure to find need not be supported by evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973).

between Lovato's injury and his hernias. Absent the establishment that Lovato's hernia naturally resulted from his injury, Ranger had no obligation to furnish medical care to cure and relieve the hernias. *Accord, Martin v. Liberty Mutual Insurance Company*, 388 S.W.2d 27, 30–31 (Tex.Civ. App.—Texarkana 1965, writ ref'd n. r. e.).

Independent of his other claims of error in and underlying the rendition of the take-nothing judgment, Lovato submits that the court erred in taxing costs to him. His theory is that under the Texas Workers' Compensation Act, the jury's finding of an on-the-job injury entitles him to lifetime medical benefits, thereby constituting him the successful party and obligating Ranger to pay court costs. This question, presented in the initial point of error, has been preserved for appellate review.[3]

For his entitlement to lifetime medical benefits upon the finding of an on-the-job injury, Lovato again cites Article 8306 § 7 (Vernon Supp.1980).[4] The statute does not so provide. Earlier, we quoted the relevant portion of the statute and held that Lovato is entitled only to the medical care reasonably required to cure and relieve from the effects naturally resulting from his 1977 injury. Previously mentioned, also, was that Lovato neither conclusively established nor persuaded the jury that there was a casual connection between his injury and the medical treatment he thereafter received, and that the jury's failure to so find was invulnerable to the attack made upon it.

Rule 131, Texas Rules of Civil Procedure, provides that the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.[5] A successful party is "one who obtains a judgment of a competent court vindicating a claim of right, civil in nature." *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.). Thus, to be a successful party in the sense he advocates, Lovato had to establish that medical care was reasonably required to cure and relieve from the effects naturally resulting from his injury. He did not do so and, consequently, he was not a successful party who was entitled to recover costs in the suit.

Accordingly, Lovato has not demonstrated error which justifies a disturbance of the judgment rendered. All thirteen points of error are overruled.

The take-nothing judgment is affirmed.

---

3. *Cf. Hill v. Robinson*, 592 S.W.2d 376, 385 (Tex.Civ.App.—Tyler 1979, writ filed) (holding that before a party can complain on appeal of costs being taxed against him, he must show that the matter was called to the attention of the trial court).

4. The reliance upon this statute is designated in a post-submission letter. By brief and at submission, Lovato cited Section 21 of the same article, which is completely foreign to an injured worker's entitlement to medical benefits.

5. If good cause exists to otherwise adjudge costs, the court is authorized to do so by Rule 141, Texas Rules of Civil Procedure. *Cf. Siepert v. Brewer*, 433 S.W.2d 773, 774–75 (Tex. Civ.App.—Texarkana 1968, writ ref'd n. r. e.) (holding that if costs are not adjudged in harmony with Rule 131, good cause therefor is to be stated on the record).