**Richard RIVERA, Petitioner,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Respondent.**

**No. C–4245.**

Supreme Court of Texas.

Jan. 8, 1986.

Colbert & Freeman, Rick Freeman, Tom A. Stribling, Austin, for petitioner.

Bankston, Wright & Greenhill, Joe R. Greenhill, Jr., Austin, for respondent.

## OPINION

HILL, Chief Justice.

This is a workers' compensation case in which the employee, Richard Rivera, suffered injuries to his nose, face, head, and right leg. Based upon the jury's findings, the trial court awarded Rivera compensation benefits for a permanent, partial loss of wage earning capacity produced by the cumulative effects of the injuries. The court of appeals reversed that judgment and remanded the cause to the trial court. 690 S.W.2d 632. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

On September 21, 1981, Rivera, an employee of Southwestern Bell, was injured due to an electrical shock and resulting fall. In his petition Rivera alleged that he received injuries to his leg and other portions of his body, and that as a result of the total effects of those concurrent general and specific injuries, he sustained a loss of wage earning capacity compensable under TEX.REV.CIV.STAT.ANN. art. 8306, §§ 10, 11 (Vernon 1967). In the alternative, Rivera alleged that as a result of the specific injury alone, he sustained a loss of use of his leg compensable under Section 12 of Article 8306. Texas Employers' Insurance Association answered by general denial, and specifically pled that Rivera's injuries were confined to his right leg, and that his loss of wage earning capacity was solely caused by the specific injury to the leg. Rivera introduced evidence supporting each theory of recovery, and both theories were submitted to the jury. In their answers to special issues one through eight, the jury found that Rivera's injury was not confined to his leg, but also included his nose, face, and head, and that such injury was a producing cause of a temporary total loss of wage earning capacity followed by a permanent partial loss of wage earning capacity. In their answers to the special issues asking only about the specific injury to Rivera's leg, the jury also found that the injury to the leg resulted in a permanent partial loss of use of his leg.

The trial court then submitted, over Rivera's objection, a second set of incapacity issues with an accompanying instruction for the jury that in determining their answers to this second set of issues, "not to take into account the effects of Richard Rivera's right leg or base any findings on such condition." In its answer to these issues, the jury found that Rivera's injury was not a producing cause of any partial incapacity. The trial court granted Rivera's motion to disregard the jury's answers to this second set of issues and rendered judgment for Rivera upon the jury's earlier findings of a permanent partial loss of wage earning capacity produced by the combined, unsegregated effects of the injuries to his nose, face, head, and leg. The court of appeals held that the trial court erred in awarding Rivera compensation benefits for the combined effects of the concurrent general and specific injuries rather than compensation benefits for loss of use of his injured leg.

■ The Texas Workers' Compensation Act provides two methods for compensating an injured employee. TEX.REV.CIV. STAT.ANN. art. 8306 (Vernon 1967). Sections 10 and 11 of the Act provide for compensation based on the extent and duration of incapacity caused by an injury, and the effect such incapacity has upon the claimant's earning capacity. Section 12 of Article 8306 provides that compensation is to be based on the loss of use sustained to a specific member. This case raises the question of whether a claimant is entitled to have the jury consider the combined, unsegregated effects of both injuries in assessing his incapacity under Sections 10

and 11. We affirm our decision in *McCartney v. Aetna Casualty & Surety Co.*, 362 S.W.2d 838 (Tex.1962), and hold that when an injured employee proves an injury to a specific member of the body and also a concurrent general injury, the jury may consider the combined, unsegregated effects of his general and specific injuries in assessing his incapacity under Sections 10 and 11.

 T.E.I.A. contends that a jury's finding of incapacity which is based on the combined effects of concurrent and specific injuries violates the established rule that when there is a specific injury and a concurrent general injury, the worker can recover compensation only for the injury which provides the longest period of incapacity or the greatest benefits. *Hargrove v. Trinity Universal Insurance Co.*, 152 Tex. 243, 256 S.W.2d 73 (1953). However, T.E.I.A.'s reliance on this rule of law is misplaced. That rule of law simply means that a court cannot add the compensation awarded for a general injury together with the compensation awarded for a specific injury to obtain a judgment in excess of the amount awarded for either injury alone. It does not mean that a jury cannot consider the combined, unsegregated effects of general and specific injuries in assessing incapacity and then, in the alternative, consider only the effects of the specific injury in assessing loss of use. This is the distinction we recognized in *McCartney:*

> As a result of the *total* effects of the concurrent injuries McCartney sustained, the jury found that he had sustained a loss of wage earning capacity compensable according to Section 11 of Article 8306, supra. The jury also found that McCartney had sustained a partial-permanent loss of use to his left foot [leg]. This finding would have supported a judgment under the provisions of Section 12, the "specific" injury section of 8306, supra. However, the Court properly entered judgment in favor of McCartney for the largest sum recoverable under the verdict of the jury.

360 S.W.2d at 840–46 (emphasis added). This is precisely what occurred in this case and the trial court properly rendered judgment in favor of Rivera for the largest sum recoverable under the verdict of the jury.

This result is not foreclosed, as urged by T.E.I.A., by our decision in *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651 (1953). We did not hold in *Scott* that it is improper to consider the combined unsegregated effects of both general and specific injuries in assessing incapacity. Rather, in *Scott*, we held that it was error for the trial court to refuse the insurer's sole cause issue because from the manner in which the incapacity issues were submitted, it was impossible to determine whether the jury's finding of incapacity was based upon the effects of the claimant's general injury, the specific injury, or both.

In this case, however, it is possible to determine the basis for the jury's findings. After finding that Rivera's injury included his nose, face, head, and leg, the jury found that the combined, unsegregated effect of these general and specific injuries was a producing cause of partial, permanent incapacity. Producing cause was properly defined by the court as meaning an injury or condition which "either independently or together with one or more injuries or conditions results in incapacity."

T.E.I.A. contends, nonetheless, that the jury's answer in the second set of issues that Rivera's injury to his nose, face, and head was not a producing cause of any partial incapacity mandates the result reached by the court of appeals. We disagree. T.E.I.A.'s contention ignores the possibility that a jury could find that the combined effects of concurrent injuries could cause an incapacity greater than either injury could cause alone. In this case, Rivera introduced evidence which showed that it was a combination of the pain caused by the injury to his leg and the headaches caused by the general injury which prevented Rivera from performing his job. Thus, a finding that the combined, unsegregated effects of *all* of Rivera's in-

juries was a producing cause of partial, permanent incapacity could not be overcome by the subsequent finding that his general injury, considered in isolation, did not result in any partial incapacity.

As we noted in *McCartney*:

> [I]f the *insurer* desires to limit the claimant's recovery to the compensation recoverable under the provisions of Section 12 or seeks to otherwise separate the effects of a general and specific injuries, *the burden rests with the insurer* to either request appropriate special instructions to the jury, in connection with the general injury issue, or plead, prove and secure jury findings so limiting the claimant's recovery.

362 S.W.2d at 841 (emphasis added).

 Under our present rules of procedure, a conditioning instruction given in connection with the incapacity issue is the proper method for submitting the insurer's position that the injured workman's incapacity is caused solely by the specific member. TEX.R.CIV.P. 277; 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES (Supp.1976). However, T.E.I.A. failed to request such an instruction in connection with the general incapacity issue. Thus, the trial court was correct in rendering judgment for Rivera based upon the jury's answers finding a loss of wage earning capacity produced by the combined, unsegregated effects of his concurrent general and specific injuries, and disregarding the second set of issues. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.