Patricia Jane STUCKEY, et. vir., Appellants,

v.

CONVEYING TECHNIQUES, INC., R.B. Narramore & Associates, Inc., and R.B. Narramore, Individually, Appellees.

No. 9552.

Court of Appeals of Texas, Texarkana.

June 1, 1988.

Rehearing Denied June 21, 1988.

Frank Supercinski, Longview, for appellants.

Michael P. Setty, Pittsburg, for Conveying Techniques, Inc.

Herbert Boyland, Kenley & Boyland, Longview, for R.B. Narramore & Assoc., Inc. and R.B. Narramore, Individually.

BLEIL, Justice.

Patricia and Edward Stuckey appeal from a take-nothing judgment entered on a jury verdict in their suit to recover damages from a work-related injury suffered by Patricia. In various points of error, they raise issues concerning the jury's failure to find facts favorable to them relating to negligence, negligent design, breach of warranty, and other matters. We conclude that the jury's failure to find facts favorable to the plaintiff is not contrary to the facts established as a matter of law, that the jury's answers are not so against the great weight and preponderance of the evidence as to be wrong and unjust, and we find no reversible error in the proceedings below.

In August 1981, Patricia Stuckey began work for a plant which processed oil field pipe and casing. As a part of this process, the plant utilized a conveying system designed, manufactured and sold by Conveying Techniques, Inc. and installed by R.B. Narramore & Associates, Inc. The Stuckeys claimed that Patricia was injured in April 1982 while operating machinery at the plant.

The trial court submitted twenty-three separate questions to the jury concerning the facts. No question was answered in favor of the Stuckeys. Among the questions answered, the jury failed to find that: Conveying Techniques gave improper or inadequate warnings and/or instructions concerning how to handle misaligned pipe; Conveying Techniques was negligent in providing equipment that did not prevent misalignment of pipe; Narramore was negligent in installing the conveying system; the conveying system was defectively designed; and also failed to find that Patricia Stuckey suffered an injury. The jury affirmatively found that Conveying Techniques did not fail to adequately provide warnings or instructions concerning the conveying system, and did not supply a system which was unfit for use, both as to the ordinary purpose for which it was used and for the particular purpose for which it was purchased. The jury made further affirmative findings, including the finding

that Patricia Stuckey was negligent on the occasion in question, that her negligence caused the occurrence in question, that her negligence constituted one hundred percent of the cause of the occurrence or injury, and that Patricia Stuckey and Edward Stuckey suffered no damages.

In the Stuckeys' points of error, they argue many aspects of the law pertaining to negligence and products liability. However, because of the factual posture in which this case comes before us, we find it unnecessary to discuss most of those legal points.

■ Ordinarily, when a jury fails or refuses to find from a preponderance of the evidence that a fact exists which one party has the burden to prove, this means that the party did not discharge its burden of proof. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966); *Lovato v. Ranger Ins. Co.,* 597 S.W.2d 34 (Tex.Civ. App.—Amarillo 1980, writ ref'd n.r.e.). The jury's failure to find an issue need not have evidentiary support. Only in two instances can a complaint of the jury's failure to find a fact be successfully made. The first is when a jury's answer goes against facts established as a matter of law. *Siderius, Inc. v. Wallace Co.,* 583 S.W.2d 852 (Tex.Civ.App.—Tyler 1979, no writ). The second instance occurs when it is urged on appeal that a failure to find a fact is against the great weight and preponderance of the evidence as to be wrong and unjust. Then, our fact-finding power is invoked and we then weigh all the evidence in making that determination. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973).

■ In reviewing all of the evidence concerning the jury's findings of fact as well as its failure to find certain other facts, we conclude that: (1) the jury's findings have sufficient support in the evidence; (2) the jury's failure to find facts favorable to the Stuckeys is not so against the great weight and preponderance of the evidence as to be wrong and unjust; and (3) the Stuckeys have failed to conclusively establish facts which, as a matter of law, establish that they are entitled to prevail on any cause of action. Thus, the Stuckeys have shown no

reversible error on appeal with regard to the jury's fact finding.

The Stuckeys make several other arguments concerning the conduct of the trial. However, they have failed to demonstrate any error and, in any event, had they shown error regarding any of the other matters about which they complain, none of these errors would have been of the type reasonably calculated to cause the rendition of an improper judgment. Thus, no such error would require reversal of the judgment. Tex.R.App.P. 81(b)(1).

We affirm the trial court's judgment.