**AMERICAN STATES LIFE INSURANCE COMPANY, Appellant,**

v.

**Reginald L. MONROE, Et Al., Appellees.**

**No. 9633.**

Court of Appeals of Texas, Texarkana.

Nov. 1, 1988.

Rehearing Denied Dec. 13, 1988.

Jerry C. Parker, Sammons & Parker, Tyler, for appellant.

Jimmy White, Mount Pleasant, for appellees.

BLEIL, Justice.

American States Life Insurance Company appeals from a judgment awarding the proceeds of a life insurance policy to the beneficiaries of Ruthie Mae Monroe. American States complains that the trial court erred in four ways: by submitting an irrelevant question to the jury; by failing to submit a controlling question; by overruling American States' motion for judgment non obstante veredicto; and by overruling American States' motion for new trial on the grounds that the jury's answer to a question is against the great weight and preponderance of the evidence. We conclude that the trial court properly submitted the questions; we find no error and affirm.

On Monroe's June 2, 1982, application for life insurance with American States, she responded to various questions concerning her physical health. She indicated that she suffered from "varicose veins, varicose ulcers, phlebitis, or a hernia," and also that she had been treated by a physician for a condition "not recorded above." The application did not request the name of the condition for which Monroe had been treated, and she did not supply it. Patrick Storms, a medical doctor, testified that about a year earlier Monroe had been diagnosed as having scleroderma, an often fatal connective tissue disorder. Larry Scutt, assistant vice-president of life and health underwriting at American States, testified that American States' procedure is to review all life insurance applications to determine whether to extend coverage. Anyone afflicted with scleroderma would be rejected. Nevertheless, American States issued Monroe's life insurance policy, and she regularly paid premiums until her death on February 5, 1984, from respiratory failure due to scleroderma.

When American States refused to pay Monroe's beneficiaries the amount due un-

**635**

der the terms of the life insurance contract claiming that Monroe misrepresented her condition, her beneficiaries sued to enforce the contract. The jury failed to find that Monroe misrepresented her condition on the application, and the trial court denied American States' motions for directed verdict, judgment non obstante veredicto, and new trial.

■ American States contends that the trial court erred in submitting irrelevant questions to the jury. The trial court submitted two questions to the jury. The first question asked whether Monroe made misrepresentations in the application for the insurance policy. In the event the jury answered "yes" to that question, it was then asked whether the misrepresentations by Monroe were material. Since the jury failed to find that Monroe made misrepresentations, answering "no" to the first question, it did not answer the conditional question concerning materiality.

A question is immaterial when it should not have been submitted or when, though properly submitted, it has been rendered immaterial by other findings. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); *Williams v. Compressor Engineering Corp.*, 704 S.W.2d 469 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Here, American States pled and introduced evidence of misrepresentation as an affirmative defense. The fact issue of misrepresentation is supported by the testimony of Storms, who stated that some of Monroe's responses on the application were incorrect. Thus, the evidence raises both questions; neither question is immaterial or irrelevant, and both were properly submitted by the trial court.

American States also claims that the trial court erred in denying its motion for new trial based upon the court's failure to submit the controlling question which it requested. The trial court has considerable discretion in submitting questions to the jury, subject only to the requirement that disputed issues be fairly submitted for the jury's determination. *Ked–Wick Corp. v. Levinton*, 681 S.W.2d 851, 855 (Tex.App.—Houston [14th Dist.] 1984, no writ); Tex.R.

Civ.P. 277. A controlling question is defined as one which, if answered favorably to the theory in which it is presented, will support a basis for judgment for the proponent of the issue. *Gomez v. Franco*, 677 S.W.2d 231, 234 (Tex.App.—Corpus Christi 1984, no writ). American States requested the following question which the trial court refused to submit:

Do you find from a preponderance of the evidence that Ruthie Mae Monroe deliberately misrepresented her physical condition to induce AMERICAN STATES LIFE INSURANCE COMPANY to issue the insurance in question?

We compare this to the special question that the trial court actually submitted:

Do you find from a preponderance of the evidence that RUTHIE MAE MONROE made misrepresentations in the application for the insurance policy?

Since a "yes" answer to either question would support a basis for judgment for American States, both questions are controlling questions.

Essentially, American States complains that one element of misrepresentation, the intent to deceive, was not submitted to the jury in the form of a separate question. However, trial courts are permitted, and even urged, to submit the controlling questions of a case in broad terms so as to simplify the jury's chore. *Island Recreational Development Corporation v. Republic of Texas Savings Association*, 710 S.W.2d 551, 555 (Tex.1986); *see also Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex.1984); *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981). The rules dictate submission of the cause upon broad-form questions. Tex. R.Civ.P. 277. The trial court properly submitted the questions to the jury.

■ American States had the burden of proof on each element of the cause of action of misrepresentation. To avoid payment on an insurance policy because of misrepresentation, the insurer must plead and prove not only that the answers made by the insured were untrue, but also that the insured knew or should have known that they were untrue and that he made them willfully and with the intention of

inducing the insurer to issue him a policy. *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820, 823 (1947); *Carter v. Service Life & Casualty Insurance Co.,* 703 S.W.2d 349, 352 (Tex. App.—Corpus Christi 1985, no writ); *see also* Tex.Ins.Code Ann. art. 21.16 (Vernon 1981). Generally, when a jury fails or refuses to find from a preponderance of the evidence that a fact exists which one party has the burden to prove, this means that the party did not discharge his burden of proof. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d at 194; *Lovato v. Ranger Ins. Co.,* 597 S.W.2d 34 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). The jury's failure to find a fact need not have evidentiary support. Only in two instances can a complaint of the jury's failure to find a fact be successfully made. The first instance, not applicable here, is when a jury's answer goes against facts established as a matter of law. *Siderius, Inc. v. Wallace Co.,* 583 S.W.2d 852 (Tex.Civ.App.—Tyler 1979, no writ). The second instance occurs when, as here, it is urged on appeal that a failure to find a fact is so against the great weight and preponderance of the evidence as to be unjust. Then our fact-finding power is invoked and we weigh all the evidence in making that determination. *Cropper v. Caterpillar Tractor Company,* 754 S.W.2d 646 (Tex.1988); *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973); *Stuckey v. Conveying Techniques, Inc.,* 753 S.W.2d 449 (Tex.App.—Texarkana, 1988, writ denied).

The evidence consists of Monroe's application for life insurance and the testimony of two individuals: Storms, the medical doctor who treated Monroe for scleroderma; and Scutt, assistant vice-president of life and health underwriting at American States. There are no medical records in evidence. Storms testified purely from personal knowledge regarding a conversation between himself and Monroe that had taken place about four years earlier. Storms testified that he advised Monroe, one of thousands of his patients, of her condition during that conversation. Scutt testified that he contacted the doctor listed by Monroe as her treating physician regarding her condition. In reviewing the evidence, we do not find the elements of misrepresentation to be conclusively established and we do not find the jury's failure to find misrepresentation to be so against the great weight and preponderance of the evidence as to be wrong and unjust. There is no conclusive showing that Monroe knew of her condition, and the extent of it, by the name "scleroderma." Under the evidence the jury may well have concluded that Monroe honestly answered the questions which inquired about her medical condition. After all, scleroderma was not one of the conditions inquired about by name and Monroe did admit that she had been treated for a condition not named in the application.

American States complains of the trial court's failure to grant its motion for judgment non obstante veredicto as Monroe failed to comply with policy provisions conditioning the effectiveness of the policy. American States contends that Monroe's being in the physical condition represented on the application is a condition precedent to the policy becoming effective, essentially a warranty of her condition. However, Tex.Ins.Code Ann. art. 3.44(4) (Vernon Supp.1988) provides that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties. A warranty in an insurance contract is a statement by the insured which is susceptible to no construction other than that the parties mutually intended that the policy should not be binding unless the statement be literally true. *Lane v. Travelers Indemnity Company,* 391 S.W.2d 399, 402 (Tex.1965). A good health statement in an insurance contract, such as the one contained in Monroe's application, is a representation, not a warranty. *Allied Bankers Life Ins. Co. v. De La Cerda,* 584 S.W.2d 529, 533 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Thus, Monroe represented, not warranted, her condition to American States for its consideration in extending coverage to her.

In determining whether a judgment non obstante veredicto should have been granted, we review the record to determine

whether there is some evidence to support the jury's finding, viewing the evidence in the light most favorable to the finding. *Williams v. Bennett,* 610 S.W.2d 144 (Tex. 1980); *National County Mutual Fire Ins. Co. v. Wallace,* 673 S.W.2d 410 (Tex.App.— Houston [1st Dist.] 1984, no writ). Here, there is some evidence that Monroe responded truthfully to the questions contained in the application: she indicated that she suffered from varicose veins, varicose ulcers, phlebitis, or hernia, and also that she had been treated by a physician for a condition not listed on the application. In so responding, Monroe placed American States on notice that she had been treated for a condition other than that inquired about.

We affirm the trial court's judgment.