**Stephen MIXON, Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA., Appellee.**

**No. 2-89-266-CV.**

Court of Appeals of Texas, Fort Worth.

March 20, 1991.

Rehearing Overruled April 24, 1991.

Dushman & Friedman, P.C., and Jack Friedman, for appellant.

Camp, Jones, O'Neill, Hall & Bates, and John W. Greene and Barry S. Green, for appellee.

Before FARRIS, HILL and MEYERS, JJ.

## OPINION

HILL, Justice.

Stephen Mixon appeals from a judgment that he take nothing in this workers' compensation case that resulted from an injury suffered by Mixon in the course and scope of his employment. The jury found that Mixon was permanently and partially incapacitated, but that the incapacity was limited to the use of the left arm. Because of credits due to Aetna for payments made to Mixon or on his behalf prior to trial, the trial court entered a judgment that Mixon take nothing, except for reasonable and necessary medical expenses relating to the injury. The trial court did not grant Mixon's motion for judgment *non obstante veredicto*. In four points of error, Mixon contends that the trial court erred in: (1) submitting question number three, inquiring whether his incapacity was limited to the use of his left arm, because it is an inferential rebuttal issue; (2) denying recovery based on the jury's affirmative answer to that question because any general injury to the body or its nerves, which then only affects the use of the extremities, may continue to be a "general incapacity" under the meaning of the Texas Workers' Compensation Act if it results in some loss of earning capacity; (3) failing to grant the motion for judgment *non obstante veredicto;* and (4) assessing court costs against Mixon. This case is governed by TEX. REV.CIV.STAT.ANN. art. 8306, now repealed.

We reform the judgment to assess costs of court to National Union because Mixon was a "successful party" within the meaning of Rule 131 of the Texas Rules of Civil Procedure even though he received a take-nothing judgment. We affirm the judgment as reformed because we hold that: (1) Mixon waived any error as to the submission of jury question number three on the basis of his argument that it was an inferential rebuttal issue since he failed to object to its submission on that basis; (2) Mixon may not raise the inferential rebuttal issue by means of a motion for judgment *non obstante veredicto* since the purpose of such a post-trial motion is to raise evidentiary questions; and (3) Mixon is not entitled to recover for a general injury since he suffered only what is classified as a specific injury and did not suffer a concurrent general injury that led to any incapacity.

■ Mixon contends in point of error number one that the trial court erred by submitting question number three, that inquired as to whether his incapacity was limited to the use of his left arm, because it is an inferential rebuttal issue. At trial, Mixon's only objection was that the submission of the issue was contrary to the evidence because all of the evidence related to an injury to his shoulder. Because Mixon's objection at trial is not the same objection he presents on appeal, no error is preserved. *See Republic–Vanguard Life Insurance v. Walters,* 728 S.W.2d 415, 419–20 (Tex.App.—Houston [1st Dist.] 1987, no writ). We overrule point of error number one.

Mixon asserts in point of error number three that the trial court erred in failing to grant his motion for judgment *non obstante veredicto* because question number three was an inferential rebuttal issue that placed an additional and contradictory burden of proof upon him.

■ A complaint that the trial court erred in failing to grant a motion for directed verdict or judgment *non obstante veredicto* raises only "no evidence" points for purposes of appeal. *Southwestern Bell Tel. Co. v. Sims,* 615 S.W.2d 858, 861 (Tex. App.—Houston [1st Dist.] 1981, no writ). Mixon is not complaining about the sufficiency of the evidence, only the propriety of the question as an inferential rebuttal issue. As we have previously noted, Mixon failed to preserve error as to that issue. Any effort to object after the trial would not have been timely. We overrule point of error number three.

Mixon argues in point of error number two that the trial court erred in denying him recovery based on the answer to question number three because any general injury to Mixon's body or its nerves, which then affects only the use of the extremi-

ties, may continue to be a "general incapacity" under the meaning of the Texas Workers' Compensation Act if it results in some loss of earning capacity.

■ It is undisputed that Mixon was injured on the job on February 25, 1987, and that he suffered a dislocated shoulder. As we have noted, the jury found that the incapacity caused by the injury to Mixon's shoulder was limited to the use of his left arm. Compensable injuries are divided into two main classes, general injuries and specific injuries. *Aetna Casualty and Surety Company v. Moore,* 361 S.W.2d 183, 185 (Tex.1962). All compensable injuries must be compensated as general injuries unless the Workers' Compensation statutes classify them as the subject of specific compensation. *Id.* at 185. An injury outside of a specific member that causes disability that is confined to a specific member is entitled to specific compensation. *Id.* at 187. We interpret the principles outlined in *Moore* to mean that such an injury, therefore, would be compensated as a specific injury, but not as a general injury, without regard as to whether the worker was able to prove a loss of earning capacity.

■ In contending that his injury may also be classified as a general injury, Mixon relies on the cases of *Rivera v. Texas Employers' Ins. Ass'n,* 701 S.W.2d 837 (Tex. 1986); *McCartney v. Aetna Casualty & Surety Co.,* 362 S.W.2d 838 (Tex.1962); and *Chapa v. United States Fire Ins. Co.,* 644 S.W.2d 823 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

In *Chapa,* the Court of Appeals held that where there is a specific injury and a concurrent general injury the worker can recover only for the injury that produces the longest period of incapacity or the greatest benefits. *Chapa,* 644 S.W.2d at 826. In *Rivera* and *McCartney,* the Texas Supreme Court held that when an injured employee proves an injury to a specific member of the body and also a concurrent general injury, the jury may consider the combined, unsegregated effects of his general and specific injuries in assessing his incapacity. *Rivera,* 701 S.W.2d at 839; *McCartney,* 362 S.W.2d at 840.

We agree with the holdings in all of those cases and do not find them to be inconsistent with our holding in this case because in this case Mixon has shown only one injury that might have resulted in any incapacity, an injury that we have held to be a specific injury. He therefore failed to show a concurrent general injury that could have resulted in any incapacity. We overrule point of error number two.

Mixon contends in point of error number four that the trial court erred in assessing the costs of court against him because he recovered his right to future medical expenses, even though he otherwise received a take-nothing judgment.

■ Rule 131 of the Texas Rules of Civil Procedure provides that the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided. A "successful party" is one who obtains a judgment of a competent court vindicating a civil claim of right. *Perez v. Baker Packers,* 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Lovato v. Ranger Ins. Co.,* 597 S.W.2d 34, 37 (Tex.Civ.App.— Amarillo 1980, writ ref'd n.r.e.).

■ This case was brought by National Union as an appeal from a final ruling of the Industrial Accident Board of Texas awarding Mixon certain worker's compensation benefits. National Union alleged that the award was wholly erroneous and unjust, both in law and in fact, and should be canceled. Mixon counterclaimed, alleging his injury and seeking workers' compensation benefits, including medical benefits. National Union, in its answer to Mixon's counterclaim, alleged several affirmative defenses, including an assertion that any incapacity was caused solely by disease or injury sustained by Mixon prior to or subsequent to the date of Mixon's injury, and was not connected to his employment on that date. Under the jury's verdict, Mixon was found to be entitled to benefits, but received a take-nothing judgment because of credits due to National Union. He did, however, recover "reasonable and necessary medical expenses relating to this

**336**

injury as provided by the Texas Workers' Compensation Statutes." Because Mixon obtained a judgment of a competent court vindicating a claim of right, civil in nature, he was a "successful party" within the terms of Rule 131. Therefore, the trial court erred in assessing costs of court against him and not National Union. *See Perez*, 694 S.W.2d at 143. We sustain point of error number four.

We reform the judgment to provide that the costs of the trial court are charged to National Union Fire Insurance Company and affirm the judgment as reformed. In view of the reformation of the judgment, one-fourth of the costs on appeal are charged to National Union Fire Insurance Company, with the remainder charged to Stephen Mixon.

FARRIS, Justice, concurring.

I disagree with the majority holding that Mixon did not suffer a general injury, but I concur in the result. As the majority notes, it is undisputed that Mixon suffered a dislocated shoulder when he was injured on the job. The jury finding that his incapacity was limited to the use of his left arm does not change the nature of Mixon's injuries; he suffered concurrent general and specific injuries.

I concur because Mixon's complaints on appeal present no error for our consideration. The Texas Supreme Court has described how jury questions addressing these issues should be submitted. *See Rivera v. Texas Employers' Ins. Ass'n*, 701 S.W.2d 837, 838–39 (Tex.1986).

Because Mixon neither tendered a proper submission of these questions nor objected to question three as an inferential question, he has not preserved error and the judgment of the trial court should be affirmed.