NO. 07-01-0169-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 12, 2002

_____

PATRICIA GARCIA, APPELLANT

V.

BEVERLY WORKMAN, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 99-587,846; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Patricia Garcia challenges a judgment based on a jury verdict that she take nothing against appellee Beverly Workman in her action for personal injuries sustained when Workman's vehicle rear-ended the car in which Garcia was a passenger. By one issue, Garcia contends the jury verdict was against the great weight and preponderance of the evidence and manifestly unjust. Based upon the rationale expressed herein, we affirm.

Garcia was a passenger in a car driven by her sister, Lucy Cisneros.[1] While the car was stopped at a controlled intersection waiting for a turn signal, a pickup driven by Workman entered the turning lane behind Garcia and her sister and came to a complete stop. Before the light changed, Workman's foot slipped off the brake pedal and hit the accelerator, causing the pickup to move forward and hit Cisneros's car from the rear. The three women got out of their vehicles to investigate the damages. As they discussed the accident, Workman wiped off her tennis shoe and explained that the pedal was slippery and that her foot had slipped off the brake. After the two drivers determined that no one was injured and that only minor damage to the vehicles occurred, they agreed not to call the police and left the scene. After the accident, Garcia began to have neck pains, which increased to the point that she went to the emergency room for an examination. She was given a neck brace and told to visit another doctor later in the week. The next day she went to her family physician who replaced her neck brace and helped her to schedule an appointment with the physician recommended during treatment in the emergency room. She met with this doctor and he classified her injury as mild whiplash, from which she suffered no permanent injuries.

Garcia did not contend that the liability was established as a matter of law. Instead, she alleged that the occurrence was proximately caused by "one or more" of Workman's (a) failure to keep a proper lookout, (b) failure to timely apply the brakes, (c) failure to apply

---

[1]The surname Cisneros is spelled inconsistently in the record; however, in this opinion we will use the more common spelling.

the brakes to avoid the collision, (d) driving at a speed which was greater than an ordinary prudent person would have done, (e) failure to turn her vehicle to the right or left to avoid the collision, (f) failure to maintain an assured clear distance between the two vehicles, (g) failure to stop at the traffic control signal, and (h) failure to obey a traffic control signal. Notwithstanding these allegations, according to the undisputed evidence, the pickup driven by Workman did make a complete stop behind Cisneros's car.

At trial Workman testified she was driving her husband's pickup and that it had recently been "detailed" and *Armor All Protectant* had been applied to the brake pedal. She also stated that she did not remember the pedal being slick; however, she acknowledged that during her deposition, when asked when she first noticed that the pedal was slick, she responded, "To be perfectly honest, I don't know. I'm sure probably the first time I applied I was aware of it." Then, in response to a question about whether she noticed that the pedal was slick when she stopped after backing out of her driveway, she said, "I am sure I did. I am sorry, sir, I don't recall." Her further testimony revealed that she noticed the pedal was slick three times before the collision. When she was asked why she did not stop after noticing that the pedal was slick three times, she responded "I really didn't realize it was that slick." Workman concluded, however, that although she was aware that the pedal had *Armor All* on it, she had no problem controlling her vehicle or keeping her foot firmly planted on the brake. Workman's testimony regarding being careless was also conflicting. On direct examination by her counsel, she did not

3

acknowledge any act of carelessness, but on cross-examination, she "guessed" that her failure to wipe off the brake pedal may have been careless.

Upon completion of the evidence the trial court submitted its charge to the jury. After defining the terms negligence, ordinary care, and proximate cause, question one asked the jury if the negligence, if any, of Workman proximately caused the occurrence in question. Based on the jury's "no" answer to the first question, they did not answer the remaining questions and the trial court signed its judgment that Garcia take nothing on her action.

By her only issue, Garcia contends that the jury verdict is against the great weight and preponderance of the evidence and manifestly unjust because neither the evidence nor inferences supports the jury verdict. We disagree. Because the issue presents a challenge to the factual sufficiency of the evidence, we must consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Dyson v. Olin Corp., 692 S.W.2d 456, 457 (Tex. 1985). The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and may believe one witness and disbelieve another and resolve inconsistencies in testimony. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). Finally, we are not to reweigh the evidence and set aside

4

the jury verdict merely because we feel that a different result is more reasonable. *Pool*, 715 S.W.2d at 634.

Workman's testimony, when taken as a whole, does not unequivocally compel a finding that she was negligent or that her conduct was a proximate cause of the occurrence in question as those terms were defined in the charge. She admitted she was careless, but denied it when asked by her own counsel. An affirmative finding to question one required the jury to find that Workman's conduct was negligent and proximately caused the collision, as the terms were defined in the charge. As is well established, proximate cause includes two elements: cause-in-fact and foreseeability, Read v. Scott Fetzer Co., 990 S.W.2d 732, 737 (Tex. 1998), and is one that is "particularly within the province of the jury" and may be disregarded only in exceptional circumstances. Browning-Ferris, Inc. v. Hobson, 967 S.W.2d 543, 546 (Tex.App.--Houston [14th Dist.] 1998, pet. denied); *see also* Stone v. Sulak, 994 S.W.2d 348, 351 (Tex.App.--Austin 1999, no pet.) (holding that in a rear-end accident, negligence was not established as a matter of law). On appeal, Garcia does not contend that excessive speed, failure to maintain a proper lookout, or other similar factors caused the accident, but candidly emphasizes that driving the pickup with the slick brake pedal compels that we disregard the verdict. However, considering the unique evidence presented to the jury, they could have perceived that Workman did not violate her duty to exercise "ordinary care" or that the two elements of proximate cause were not established. Moreover, because the "no" answer is nothing more than a failure of Garcia to discharge her burden of proof, Lovato v. Ranger Ins. Co., 597 S.W.2d 34, 36

n.1 (Tex.Civ.App.--Amarillo 1980, writ ref'd n.r.e.), we conclude that the jury's answer is not manifestly unjust. Garcia's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

6