COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-259-CV

LORI RAY
f/k/a                                                                       
APPELLANT
LORI BROOKS
V.
CAROLYN McFARLAND                                                         
APPELLEE
------------
FROM PROBATE COURT NO. 2 OF TARRANT COUNTY
------------
OPINION
------------
Introduction
This case involves a will contest and the attempted admission of a prior will
into probate. Lori Ray appeals the part of the trial court's judgment that: sets
aside the jury's finding that Carolyn McFarland's attempt to probate a prior
will was not done in good faith and with just cause; provides that McFarland's
attorney's fees be paid by the estate; and orders each party to pay their own
court costs instead of awarding them to Ray as the prevailing party. We reverse
the trial court's judgment in part and render a judgment on the jury's verdict.
Background
When Ray's grandmother, Ida Gamblin, passed away, Ray filed an application to
probate a 1991 will that named Ray as the sole beneficiary of Gamblin's estate.
McFarland, who is Ray's mother and Gamblin's daughter, contested the 1991 will
on the ground that Gamblin lacked testamentary capacity when she executed the
will or, alternatively, that Ray unduly influenced Gamblin to execute the will.
McFarland also attempted to admit to probate a 1989 will that named McFarland as
Gamblin's sole beneficiary. The jury found that Gamblin had testamentary
capacity when she executed the 1991 will, that Ray did not unduly influence
Gamblin to execute the 1991 will, and that McFarland's attempt to probate the
1989 will was not done in good faith and with just cause. See Tex.
Prob. Code Ann. § 243 (Vernon Supp. 2003) (providing that person probating or
defending a will may recover attorney's fees from the estate only if acting in
good faith and with just cause).
McFarland filed a Motion for Judgment Notwithstanding the Verdict and a
Motion to Disregard Jury Findings, alleging that there was no evidence to
support the jury's finding that her attempt to probate the 1989 will was not
done in good faith and with just cause and that the evidence conclusively
established her good faith and just cause. The trial court's final judgment sets
aside the jury's finding, stating that "the court finds that . . .
McFarland did prosecute this proceeding in good faith and with just cause."
The judgment also admits the 1991 will to probate, orders that McFarland recover
her attorney's fees from Gamblin's estate, and provides that "each party
incurring costs of court shall bear all her own costs of court."
Analysis
Legal Sufficiency of Jury Finding on Good Faith and Just Cause
In her first point on appeal, Ray contends that the trial court erred in
setting aside the jury's finding that McFarland's attempt to probate the 1989
will was not made in good faith and with just cause and entering a judgment non
obstante veredicto (n.o.v.) in McFarland's favor on that question. Under section
243 of the probate code, McFarland had the burden to prove that she brought the
suit in good faith and with just cause. See id. A trial court may
disregard a jury's verdict and render judgment n.o.v. if there is no evidence to
support the jury's findings or if a directed verdict would have been proper. Brown
v. Bank of Galveston, 963 S.W.2d 511, 513 (Tex. 1998); Fort Bend County
Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991); see also
Tex. R. Civ. P. 301. A directed verdict is proper only under limited
circumstances: (1) the evidence conclusively establishes the right of the movant
to judgment or negates the right of the opponent; or (2) the evidence is
insufficient to raise a fact issue that must be established before the opponent
is entitled to judgment. Prudential Ins. Co. v. Fin. Review Servs., Inc.,
29 S.W.3d 74, 77 (Tex. 2000); Boswell v. Farm & Home Sav. Ass'n,
894 S.W.2d 761, 768 (Tex. App.--Fort Worth 1994, writ denied). In determining
whether there is no evidence to support the jury verdict, we consider the
evidence in the light most favorable to the jury's finding, considering only the
evidence and inferences which support the finding and rejecting the evidence and
inferences contrary to the finding. Brown, 963 S.W.2d at 513; Navarette
v. Temple ISD, 706 S.W.2d 308, 309 (Tex. 1986).
The jury charge defined "good faith" as "an action which is
prompted by honesty of intention, or a reasonable belief that the action was
probably correct," and "with just cause" as meaning that
"the actions of . . . McFarland in this proceeding were based on reasonable
grounds and there was a fair and honest cause or reason for said actions."
Through the testimony of several witnesses, Ray established that Gamblin had
testamentary capacity on March 1, 1991, the day she executed the 1991 will. In
addition, the jury also heard from several witnesses that Gamblin wanted to
exclude McFarland from her 1991 will because McFarland had used her appointment
as Gamblin's power of attorney to take cash and other property from Gamblin. Ray
also testified that when McFarland found out about the 1991 will, she
"wasn't happy" and told Ray, "Now, you listen to me, sister, and
you listen to me good; I'm not through with you yet." Around the same time,
McFarland had hired an attorney to institute a guardianship proceeding naming
her Gamblin's guardian. Shortly after McFarland learned about the 1991 will, her
attorney in the guardianship proceeding told the attorney who prepared the 1991
will that McFarland would contest that will. Further, McFarland admitted that
she wrote the 1989 will naming her sole beneficiary of Gamblin's estate.
We hold that the record contains some evidence supporting the jury's finding;
thus, the trial court erred in disregarding the finding and entering a judgment
n.o.v. Cf. Collins v. Smith, 53 S.W.3d 832, 842-43 (Tex. App.--Houston
[1st Dist.] 2001, no pet.) (evidence that decedent had testamentary
capacity on day he executed will sufficient to overcome factual sufficiency
challenge to jury's finding that attempt to probate prior will was not in good
faith and with just cause). We sustain Ray's first point. Because we hold the
trial court erred in disregarding the jury's finding, we also sustain Ray's
second point, which contends that the trial court erred in determining the
amount of attorney's fees McFarland could recover from Gamblin's estate.
Court Costs
In her third point, Ray claims the trial court erred in assessing court costs
against the party incurring them rather than awarding Ray her court costs as the
prevailing party at trial. We review the trial court's allocation of costs under
an abuse of discretion standard. Rogers v. Walmart Stores, Inc., 686
S.W.2d 599, 601 (Tex. 1985).
Civil procedure rule 131 provides that the "successful party to a suit
shall recover of his adversary all costs incurred." Tex. R. Civ. P. 131.
Under rule 141, however, a trial court may tax costs against the successful
party, but only with "good cause, . . . stated on the record." Tex. R.
Civ. P. 141. A successful party is one who obtains a judgment of a competent
court vindicating a civil claim of right. Jackson v. Houston ISD, 994
S.W.2d 396, 403 n.5 (Tex. App.--Houston [14th Dist.] 1999, no pet.); Mixon
v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 806 S.W.2d 332, 335 (Tex.
App.--Fort Worth 1991, writ denied). Absent an express provision in the probate
code to the contrary, the rules regarding costs that are applicable in other
civil cases are applicable to probate cases. Tex. Prob. Code Ann. § 12(a)
(Vernon 1980). We find no probate code provision contravening rules 131 and 141.
Tex. R. Civ. P. 131, 141.
The jury in this case answered all questions in favor of Ray. Although the
trial court set aside the jury's finding on good faith and just cause, we have
determined that the trial court erred in doing so. Accordingly, Ray was the
successful party at trial. Additionally, the judgment did not state that the
trial court was holding Ray responsible for her own court costs for "good
cause"; thus, rule 141 is inapplicable. Tex. R. Civ. P. 141. Therefore, we
hold that the trial court abused its discretion in taxing court costs against
the party incurring them and sustain Ray's third point.
Cross-points
McFarland raises five cross-points, claiming that (a) the evidence is
factually insufficient to support the jury's finding that Gamblin had
testamentary capacity when she executed the 1991 will, (b) the jury's finding
that McFarland did not attempt to probate the 1989 will in good faith and with
just cause is against the great weight and preponderance of the evidence, (c)
the jury's failure to determine the amount of attorney's fees to be awarded
McFarland is against the great weight and preponderance of the evidence, and (d)
the jury's verdict should be set aside due to improper jury argument and the
improper introduction of evidence.
Ray contends that McFarland has waived her cross-points because she did not
file a notice of appeal as required by rule 25.1(c). Tex. R. App. P. 25.1(c).
McFarland withdrew all five cross-points in her reply brief, so we will not
address them.
Conclusion
Having sustained Ray's points, we reverse the portion of the trial court's
judgment setting aside the jury's finding that McFarland did not file the suit
in good faith and with just cause, awarding attorney's fees to McFarland, and
requiring each party to pay her own costs. We render a take-nothing judgment on
McFarland's claim for attorney's fees and assess all court costs against
McFarland. We affirm the remainder of the trial court's judgment.
 
TERRIE LIVINGSTON
JUSTICE
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
 
[Delivered January 9, 2003]