NO. 07-04-0080-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 8, 2004



______________________________




CHARLES GIBBS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;



NO. 2003-484936; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ORDER OF ABATEMENT AND REMAND


 Appellant Charles Gibbs has given notice of appeal in cause number 2003-484,936
in the County Court at Law No. 2 of Lubbock County, Texas (the trial court). The appellate
court clerk received and filed the trial court clerk's record on April 2, 2004. The trial court
clerk's record reflects that appellant filed an Affidavit of Inability to Employ Counsel on
Appeal and Inability to Pay or Give Security for Clerk's Record and Reporter's Record. 
There is not an order from the trial court determining indigency and appointment of counsel. 


 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Crim. Proc. Code Ann. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.-Houston [14th Dist.] 2000, no pet. h); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.-Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee to a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct.
1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated to
appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 43.6. Upon remand, the judge of the trial court is directed to cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute
this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is
indigent; (3) if it is determined that appellant is indigent, whether counsel should be
appointed to represent appellant. If counsel is appointed to represent appellant, then the
trial court is directed to cause the name, address, and State Bar of Texas identification
number of the new attorney to be furnished to the clerk of this court; and, (4) what orders,
if any, should be entered to assure the filing of appropriate notices and documentation to
dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if
appellant desires to prosecute this appeal, to assure that the appeal will be diligently
pursued. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and, (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record of the hearing. In the absence of a request for extension of
time from the trial court, the supplemental clerk's record, reporter's record of the hearing,
and any additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than August 6, 2004.

 

 Per Curiam


Do not publish.



if the negligence, if any, of Workman proximately caused the occurrence in
question. Based on the jury's "no" answer to the first question, they did not answer the
remaining questions and the trial court signed its judgment that Garcia take nothing on her
action. 

 By her only issue, Garcia contends that the jury verdict is against the great weight
and preponderance of the evidence and manifestly unjust because neither the evidence
nor inferences supports the jury verdict. We disagree. Because the issue presents a
challenge to the factual sufficiency of the evidence, we must consider and weigh all the
evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986); Dyson v. Olin Corp., 692 S.W.2d 456, 457 (Tex. 1985). The trier of fact is the sole
judge of the credibility of the witnesses and the weight given their testimony, Leyva v.
Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and may believe one witness and
disbelieve another and resolve inconsistencies in testimony. McGalliard v. Kuhlmann, 722
S.W.2d 694, 697 (Tex. 1986). Finally, we are not to reweigh the evidence and set aside
the jury verdict merely because we feel that a different result is more reasonable. Pool,
715 S.W.2d at 634. 

 Workman's testimony, when taken as a whole, does not unequivocally compel a
finding that she was negligent or that her conduct was a proximate cause of the occurrence
in question as those terms were defined in the charge. She admitted she was careless,
but denied it when asked by her own counsel. An affirmative finding to question one
required the jury to find that Workman's conduct was negligent and proximately caused the
collision, as the terms were defined in the charge. As is well established, proximate cause
includes two elements: cause-in-fact and foreseeability, Read v. Scott Fetzer Co., 990
S.W.2d 732, 737 (Tex. 1998), and is one that is "particularly within the province of the jury"
and may be disregarded only in exceptional circumstances. Browning-Ferris, Inc. v.
Hobson, 967 S.W.2d 543, 546 (Tex.App.--Houston [14th Dist.] 1998, pet. denied); see also
Stone v. Sulak, 994 S.W.2d 348, 351 (Tex.App.--Austin 1999, no pet.) (holding that in a
rear-end accident, negligence was not established as a matter of law). On appeal, Garcia
does not contend that excessive speed, failure to maintain a proper lookout, or other
similar factors caused the accident, but candidly emphasizes that driving the pickup with
the slick brake pedal compels that we disregard the verdict. However, considering the
unique evidence presented to the jury, they could have perceived that Workman did not
violate her duty to exercise "ordinary care" or that the two elements of proximate cause
were not established. Moreover, because the "no" answer is nothing more than a failure
of Garcia to discharge her burden of proof, Lovato v. Ranger Ins. Co., 597 S.W.2d 34, 36
n.1 (Tex.Civ.App.--Amarillo 1980, writ ref'd n.r.e.), we conclude that the jury's answer is not
manifestly unjust. Garcia's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.
1. The surname Cisneros is spelled inconsistently in the record; however, in this
opinion we will use the more common spelling.